## No. 11,006.

### CITY AND COUNTY OF DENVER v. SPIEGLEMAN.

Decided December 1, 1924.

Action for the violation of a municipal building ordinance. Judgment of acquittal.

### Reversed.

1. MUNICIPAL CORPORATIONS—*Building Permits.* A city waives defects in an application for a building permit by authorizing the issuance of the permit without requiring full compliance with the ordinance.

2. *Building Permits.* A building inspector has no authority to issue a permit for the erection of a building on lots other than those specified in the resolution authorizing it, and such a permit is void.

*Error to the County Court of the City and County of Denver, Hon. George A. Luxford, Judge.*

Mr. RICE W. MEANS, Mr. A. L. BETKE, Mr. GEORGE P. STEELE, for plaintiff in error.

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, Mr. I. L. QUIAT, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error obtained from the city council authority for the building inspector to issue a permit to erect a store building on lots 23 and 24, in a subdivision named; but he began the work on lots 21 and 22. He was arrested for violation of an ordinance which prohibits the erection of a building without a permit, and was convicted in the police court. On appeal to the county court he was acquitted. The city brings the cause here on error.

The defense is that the building inspector issued the per-

mit for lots 21 and 22. Some point is made that the application for the permit did not comply with the ordinance, but, if so, the city waived the point in ordering the issue of the permit without requiring full compliance with the ordinance.

The only question to be determined is as to the right of the building inspector to issue a permit for lots not named in the resolution authorizing it. Counsel for defendant in error urge that the change was made to carry out the intention of the council, lots 21 and 22 being on the "northwest corner of 9th and Ogden streets," those words following the description of the number of the lots in the resolution.

There are two objections to this contention. The record, as abstracted, does not show that the lots are thus located, and the resolution states that lots 23 and 24 are on the corner named. Moreover, to permit the inspector to issue a permit for building on lots other than those specified in the council resolution, because he thought he was carrying out the intent of the council, would be to establish a dangerous practice.

It does not appear why this litigation could not have been avoided by getting a permit for lots 21 and 22. We, therefore, hold that the permit was void, and the judgment of the county court to the contrary, so far as it attempts to make valid the permit, is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.