No. 40,499

Hudson Properties, Inc., a Corporation, *Appellee*, v. City of Westwood and the Governing Body of the City of Westwood, *Appellants*.

(310 P. 2d 936)

Opinion filed May 11, 1957.

*John R. Keach,* of Mission, argued the cause, and was on the briefs for the appellants.

*J. Donald Lysaught,* of Kansas City, argued the cause, and *Howard E. Payne,* of Olathe, *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks, L. O. Thomas, Robert H. Bingham, Richard Millsap, Ervin G. Johnston* and *Charles E. Gallup,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This action was brought to compel the City of Westwood and its governing body, defendants (appellants), to issue a building permit to Hudson Properties, Inc., plaintiff (appellee), for construction of a service station in that city. The service station was to be built on property already zoned for retail business with specified uses, including "gasoline and oil service stations." After the city council denied the plaintiff's request for a permit, this action was filed and it resulted in judgment in plaintiff's favor.

The parties stipulated that the proposed building met the minimum standards for construction in the City of Westwood and that it violated no city ordinance. Since the defendants have abandoned their first and fourth specifications of error and in view of the stipulations, the only question for our determination is whether the ordinance on building permits sustains defendants' position.

It is contended the Ordinance No. 5, Section 13, of the defendant city was a sufficient basis for denial of the permit. Applicable portions of that ordinance are:

"No such permit shall be issued for any building, structure or construction unless the same be in conformity in every respect with all of the provisions of the Zoning Ordinance of the City of Westwood, and in conformity with existing buildings, structures and construction in the adjacent area.

". . . *If in the opinion of the Governing Body* the building for which a permit is applied would be detrimental to the value of the surrounding property, or incompatible with the surroundings, *or if for any reason in the opinion of the Governing Body* such building, structure or alteration would be in violation of any of the provisions of the Zoning Ordinance, then the application for such permit may be denied and the reasons thereof stated." (Emphasis supplied.)

This ordinance is invalid because it fails to establish a uniform standard for its application, in that "the Governing Body" is made the final arbiter of property rights. This is an attempt to confer arbitrary power on the governing body of the city and is void. We held in *Smith v. Hosford,* 106 Kan. 363, Syl. ¶ 2, 187 Pac. 685:

"An ordinance which puts it in the power of the officers of a city to grant a permit to build a garage, or to refuse such a permit at will, is unconstitutional and void, because it assumes to clothe such officers with arbitrary power to be exercised merely at their will or caprice, whether they are disposed so to exercise it or not."

See also *Julian v. Oil Co.,* 112 Kan. 671, 212 Pac. 884; and *Kansas City Terminal Railway Co. v. City of Kansas City,* 173 Kan. 473, 249 P. 2d 671.

Contrary to the stipulation between the parties, defendants contend that the building does not conform with existing building or structures in the adjacent area and is detrimental to surrounding property and would create a traffic hazard. The trial court, upon the presentation of sufficient competent evidence regarding these matters, determined such issues in plaintiff's favor. They will not be disturbed.

Another argument made by defendants is that plaintiff's application for a building permit signed "Hudson Oil Co. by A. B. Hudson, Agent" did not reveal the relationship of A. B. Hudson and the Hudson Oil Comany to plaintiff herein. There was no evidence that defendants were misled as to the real parties in interest in making the application for the building permit. We are of the opinion that the general rule is applicable herein, as stated in 62 C. J. S., Municipal Corporations, 515, § 227 (4) b, that ordinarily in order to secure a building permit it is required that an application, in writing, in a prescribed form and manner, and setting forth specified information, be filed with the board or officer authorized to grant the permit. Substantial compliance with the requirements as to the application is sufficient. An immaterial discrepancy in the

application is no ground for refusal of the permit and does not affect its validity.

Other contentions of the defendants have been closely examined and we are compelled to hold that in view of the entire record it has not been made affirmatively to appear that the judgment of the lower court is erroneous.

It follows that the judgment of the trial court is affirmed.

It is so ordered.