In the Matter of CASTLE ESTATES, INC., Petitioner, v. MARY A. HUBBARD, as Clerk of the Town of New Hartford, Respondent.

Supreme Court, Oneida County, January 30, 1967.

*Durr & Keinz* (*Donald Keinz* of counsel), for petitioner. *Eugene P. Hubbard* for respondent.

RICHARD D. SIMONS, J. Petitioner brings this proceeding under CPLR article 78 to compel the respondent Town Clerk of the Town of New Hartford, New York, to issue a certificate pursuant to subdivision 4 of section 276 of the Town Law approving the plat of Section 5, Castle Estates, Town of New Hartford, by reason of the failure of the Planning Board of the Town of New Hartford to take action on the application within the statutory time limit.

Petitioner is a real estate developer. Over a period of years, it has developed four other subdivisions contiguous to the area in dispute consisting of residential areas and a shopping facility. In the early part of 1966, it submitted a preliminary application and plat for development of the subject premises to the Planning Board which was approved on April 26, 1966 subject to the conditions, 1. that the final maps comply with a subdivision regulation that a planting screen easement not less than 10 feet wide be provided along the line separating the proposed residential area from the adjacent shopping area, 2. that the Town Engineer approve the size of the drainage culverts and 3. that the Town's Planning Consultant approve these proposed changes.

On or about July 2, 1966, the petitioner submitted an application for final approval accompanied by the necessary fee and four plats. The plats submitted for final approval did not include the modifications suggested in the preliminary approval and contained provision for development of 11 lots rather than the larger area of 23 lots contained in the preliminary application.

The application was formally received at the meeting of the board on July 11, 1966. The board's discussion on the proposal centered primarily on the planting screen arrangement and a walkway between the proposed development and the shopping center which abuttted it. By formal motion, the board conditionally approved the application subject to revision of the map to show the planting screen and a narrower roadway for Imperial Drive to allow space for the planting screen. The resolution made no mention of set-back lines, drainage, or the other matters previously discussed. This approval, of course, was a nullity having been granted before a public hearing was held as the statute requires. (Town Law, § 276.)

The suggested revisions to narrow the roadway subsequently proved unacceptable to the town officials and further discussion ensued concerning the planting screen at the August 8, 1966 meeting. Apparently, by that time, all other points in dispute had been satisfactorily resolved between the parties. By letter dated August 16, 1966, the petitioner rejected the town's condition that a 10-foot planting screen be established and asked for an immediate public hearing. It was petitioner's position that an existing hedgerow of trees granted sufficient screening from the shopping area. At the meeting of September 12, 1966, there was not a quorum present so the board was unable to take any formal action. Nevertheless, Mr. Kenny, president of petitioner, was present with an attorney to discuss the matter further. At the October 10, 1966 meeting of the Planning Board, petitioner's application again came up for discussion when the Chairman of the Planning Board suggested that a public hearing be held despite the impasse over the planting screen. The board did not call a public hearing, the members believing that the board did not have a proper plat before it. (At that time, the official file contained the original four plats submitted plus an additional one approved by the Town's Planning Consultant showing set-back lines and drainage proposals.) A letter was written by the Secretary of the board to the petitioner requesting additional plats. On or about October 28, 1966, the petitioner submitted a cloth original plat of the proposed subdivision to the Town Clerk and

demanded certification which was denied. The cloth plat was the same as the four original plats except that it contained the set-back lines and drainage revisions and had been approved by the State Department of Health. Petitioner's application has never been approved or disapproved by the Planning Board and no public hearing has been held. This proceeding ensued.

Subdivision 4 of section 276 of the Town Law provides that " A public hearing shall be held by the planning board within thirty days after the time of submission of a plat, in final form, for approval  *  *  *  The planning board may thereupon approve, modify and approve, or disapprove such plat.  *  *  * In the event that such hearing shall not be held  *  *  *  within the time prescribed therefor, such plat shall be deemed to have been approved, and the certificate of the clerk of such town as to the date of submission  *  *  *  for approval or disapproval of the plat  *  *  *  and the failure to take action thereon within such time, shall be issued on demand and shall be sufficient in lieu of the written endorsement or other evidence of approval herein required."

The wisdom and propriety of the modifications suggested by the Planning Board are not at issue. The only question presented is whether the petitioner is entitled to the certification of its plat by reason of the Planning Board's delay.

The respondent urges that the final application was not submitted at least 10 days prior to the board's regular monthly meeting as required by the Subdivision Regulations (§ IV, D, 2). The board effectively waived that requirement by receiving the application and undertaking consideration of it at the July 11th meeting.

Respondent further urges that the application was never received in " final " form and therefore the time limit did not begin to run.

Whether or not the plat was in final form is irrelevant. If the application did not meet the requirements, it should have been disapproved. The very purpose of section 276 of the Town Law is to avoid administrative delay. The board must " approve, modify and approve or disapprove " the plat. It cannot hold the application indefinitely until petitioner complies with conditions deemed acceptable to the board before submitting the application to a public hearing. (*Matter of Scarsdale Meadows* v. *Smith,* 20 A D 2d 906.) The fact that the application did not conform to regulatory requirements did not justify delay. (*Matter of Levin* v. *Thornbury* (2 A D 2d 774.) The provisions of the statute are conclusive. (14 Syracuse L. Rev. 418.) Nothing contained in the amendments to

subdivision 4 of section 276 of the Town Law effective June 28, 1966 referring to submission of a plat "in final form" alters this established rule. The amendment merely sets forth procedures clarifying preliminary and final applications.

The final argument of respondent is that petitioner waived the default provisions of this statute by its own actions. The mere fact that the developer tried, as did the board, to adjust the problem in good faith, does not constitute a waiver of petitioner's rights. (*Matter of Hilbol Realty* v. *Barnhart*, 205 Misc. 187.) The board was mandated by statute to proceed. The responsibility rested with it.

With respect to drainage facilities, road construction, park land and the other facilities required by section 277 of the Town Law, the record is not clear as to whether these improvements have been completed or arrangements made for their installation which are satisfactory to the town and satisfy the requirements of the statute. The inaction of the Planning Board cannot circumvent these requirements. (*Levin* v. *Thornbury, supra*; *Levin* v. *Cocks*, 141 N. Y. S. 2d 595.)

The requirement of the planting screen of 10 feet was asserted by the board under discretionary power granted it by the Town Subdivision Regulations (§ VI, G, 4) which provides "when so required by the Board, a planting screen easement not less than 10 feet wide * * * shall be provided along the line of lots abutting land then zoned for industrial or business use". By its failure to act, the board has lost its power to insist on this requirement.

The petition is granted and respondent is directed to certify the plat submitted to her conditioned upon the posting of an adequate performance bond by petitioner to assure compliance with the requirements of section 277 of the Town Law, if required. In the event the petitioner and the town officials are unable to agree on the amount of such bond, further application may be made to this court.