PENN ET AL. *v.* METROPOLITAN PLAN COMMISSION OF
MARION COUNTY, INDIANA, ET AL.

[No. 20,397. Filed July 20, 1967. No petition for rehearing filed.]

*John H. Baldwin,* of Indianapolis, for appellants.

*Lester Irons* and *Robert L. McLaughlin,* for appellee, Shell Oil Company, and *William B. Patrick* and *Joseph A. Ransel,* for appellee, Metropolitan Plan Commission, and *Henry M. Coombs* for appellees, Catherine Carr and James Murdock, all of Indianapolis.

PFAFF, C. J.—This action originated when appellees filed a petition to rezone a one acre tract of land from an R-3 district into a B-4 district to provide for the construction and operation of a gasoline service station.

The Metropolitan Plan Commission approved the application for rezoning and submitted it to the Marion County Council. The Marion County Council then ordered that Ordinance No. 8-1957 be amended in the following particulars:

> That the B-4 Classification in said Marion County Master Plan Permanent Zoning Ordinance be extended to include the above said real estate which is presently classified by said Ordinance as R-3.

An appeal from this adverse action by way of a petition for review was taken by appellants to the Marion County Superior Court. Said Court affirmed the actions of the Metropolitan Plan Commission and the Marion County Council and made the following relevant findings of fact:

. . .

"2. On October 23, 1963, a hearing was held before The Metropolitan Plan Commission of Marion County on said petition, at which time plaintiffs appeared in person and by counsel, along with approximately sixty (60) other remonstrators, and were afforded an opportunity to be heard and resist. the petition for amendment of the zoning ordinance on various grounds.

"3. At the hearing before the Metropolitan Plan Commission of Marion County, the Commission approved the petition for amendment of the zoning ordinance so as to change the zoning classification of the land so described from residential R-3 to business B-4 use by a vote of six to five, and recommended to The Marion County Council passage of an ordinance amending the zoning ordinance accordingly. (Tr. 193, L.40)

"4. The action of The Metropolitan Plan Commission of Marion County did not in itself affect any property right of any person. It did not change the zoning status of the subject real estate but was only a recommendation to the Marion County Council.

"5. On December 3, 1963, The Marion County Council following publication of notice of its meeting, considered the proposed amendment of the zoning ordinance as approved by the Metropolitan Plan Commission of Marion County and adopted an ordinance so amending said zoning ordinance to change the classification of the real estate described in the petition from residential R-3 to business B-4.

"6. With respect to said meeting of The Marion County Council, the Court finds that:

a. Due notice was given of such meeting as required by law.

b. The Marion County Council was acting in a legislative and not an administrative or quasi-judicial capacity.

c. Although plaintiffs did not receive personal notice of such meeting, they were not entitled to personal notice.

"7. The Metropolitan Plan Commission of Marion County, in approving the petition for amendment of the zoning ordinance as requested in the petition docketed as No. 63-Z-138, and the Marion County Council in adopting the ordinance amending the zoning ordinance to extend the B-4 classification to the property in the petition, both acted properly, reasonably and within the scope of their respective authority to promote the health, safety, morals, economic development and general welfare of the area involved. (Tr. 194)

"8. No evidence was introduced to show that proper and adequate notice was not given to plaintiffs and all parties of the proceedings before both the Metropolitan Plan Commission of Marion County and the Marion County Council.

"9. The rezoning of the real estate from residential R-3 to business B-4 was properly accomplished by a petition for amendment of the zoning ordinance before The Metropolitan Plan Commission of Marion County and the adoption of an appropriate ordinance by the Marion County Council.

"10. James W. Murdock and Catherine Carr were sole owners of the real property described in the petition and in finding No. 1 above.

"11. The action of The Marion County Council in passing the ordinance as requested by the petition so filed in Docket No. 63-Z-138 was a legitimate exercise of police power entrusted to it by the legislature, and no evidence was entered to rebut the (Tr. 195) presumption that the ordinance was considered and passed by The Marion County Council in full compliance with law.

"12. Plaintiffs suffered no unwarranted invasion of their property or personal rights, and were not deprived of the use and enjoyment of their land nor deprived of their property without due process of law."

Upon such Special Finding of Facts, the Court made the following conclusions of law:

"1. The Court has jurisdiction over the parties to this cause and the subject matter of this action.

"2. The actions of The Metropolitan Plan Commission of Marion County and the Marion County Council were legal in all respects, and plaintiffs have failed to make any showing of illegality in the action of either The Metropolitan Plan Commission of Marion County or The Marion County Council, or of any illegality of any portion of the

proceedings in which the petition for amendment of the zoning ordinance was approved and the ordinance adopted.

"3. The petition for rezoning of the subject real estate was not in the nature of a petition for variance requiring proof of the elements of hardship set out in Burns' Ind. Stat. § 53-969.

"4. The amendment of the zoning ordinance was proposed by petition of the owners of property of fifty per cent (50%) or more of the area involved in the petition as required by Burns' Ind. Stat. § 53-946.

"5. Plaintiffs have not established any facts entitling them to relief of any nature.

"6. The law is with the defendants, and each of them, and is against the plaintiffs and each of them."

We have examined the record before us and we find that there was strict compliance with the Indiana statutes relating to amendments to zoning ordinance. Burns' Ind. Stat. § 53-945 provides:

"The County Council may from time to time amend, supplement, or change the zoning ordinance but in every instance an amendment, supplement, or repeal of the ordinance shall follow the same procedure prescribed in §§ 40-44 [§§ 53-940—53-944], inclusive. [Acts 1955, ch. 283, § 45, p. 786.]

Section 40 of the Acts 1955 provides for a hearing before the Metropolitan Plan Commission after at least ten days notice prior to the date of hearing. This was done. Section 41 permits the Commission to adopt a resolution approving the ordinance and recommending its adoption to the County Council. This was also done. Section 42 requires the proposed zoning ordinance to remain on file with the County Council for thirty days before action can be taken on it and at the first Council meeting after the thirty days period, the executive director or a member of the Commission shall present the ordinance to the County Council. These provisions were complied with. Sections 43 and 44 have no application to the issues presented on this appeal.

Under their assignment of error, the appellants allege that the requirements for a proposal to rezone, as set forth in the Acts 1955, ch. 283, § 46, p. 786; ch. 380, § 13, p. 1033, § 53-946, Burns' 1964 Replacement, were not complied with. Burns' Ind. Stat., § 53-946, *supra*, reads as follows:

"53-946. Consideration of amendments to zoning ordinance.—Amendments to the zoning ordinance may be proposed by:

1. A member of the county council;

2. The metropolitan plan commission;

3. By petition of the owners of property of fifty per cent [50%] or more of the area involved in the petition, which petition shall be filed with the metropolitan plan commission."

Appellants interpret § 53-946 (3), *supra*, as requiring fifty per cent (50%) or more of all property owners in the entire area zoned R-3 to petition for an amendment to the Master Plan. The appellees interpret "area" as consisting of only the parcel of real estate which the petitioner is seeking to rezone.

We must reject appellants' contention that fifty per cent (50%) or more of all of the property owners in the entire area classified as R-3 are required to sign a petition in order to confer jurisdiction in the County Council. The petition and recommendation to amend the ordinance in this case was presented to the County Council under two (2) above. The methods of presentation are in the alternative.

Appellants further allege that the trial court erred in concluding that the case at bar presented a proper matter for an amendment to the Master Plan. Appellant cites *Eden et al. v. Town Plan and Zoning Commission of Town of Bloomfield et al.* (1952), 139 Conn. 59, 89 A. 2d 746, for the authority that this cause should have originated in the Metropolitan Plan Commission's Board of Zoning Appeals in the nature of a variance of use and not in the nature of an amendment to the Master Plan.

However, in the instant case and based on the issues before us, we adopt the holdings annotated in 51 A.L.R. 2d, *Spot Zoning*, § 13, at page 308, which state in part as follows:

"[I]t was held in McNutt Oil & Ref. Co. v. Brooks (1951, Tex Civ App) 244 SW 2d 872, that an amendatory ordinance reclassifying the defendant's property from 'apartment district' to 'retail district' so as to enable the defendant to construct and operate a truck service station, was not invalid spot zoning as a matter of law as having no relation to the public health, safety, morals, convenience, or general welfare. The court further stated that the city council could properly consider not only the welfare of the inhabitants of the city, but the convenience and welfare of the traveling public using the highway, noting that this was the sole basis for the decision in Ellicott v. Mayor & Council of Baltimore (Md)."

In *Ellicott* v. *Mayor & City Council of Baltimore* (1942), 180 Md. 176, 23 A2d 649, the court upheld the rezoning by an amending ordinance of a corner lot in a residential district to a first commercial district so as to permit the erection of a gas station . . . [T]he court stating that while the segregation of a lot within a residential district for commercial use must be dealt with as a discrimination, not all discrimination was a departure from the authority of the enabling act, or unconstitutional; that the power conferred on the zoning authority to change or modify a restriction applicable to a district included the power to relieve a particular lot from it if the peculiar conditions of that lot or the public good required it; and that while there were no peculiar conditions in this lot to justify an exception, the decision of the city authorities that there was a public need for a gas station at this point to meet the requirements of steadily increasing traffic could not be said to be arbitrary or capricious.

1 Rathcopf, *The Law of Zoning and Planning*, ch. 26, p. 26-5, states in essence, that rezoning will not be held invalid as spot zoning, even though the reclassification affects only a single piece of property.

"Where there is such relationship to the comprehensive plan, i.e. when the rezoning is justifiable in terms of the general welfare (hence reasonable) the harm imposed or benefit conferred upon the owner of the property involved is incidental and does not affect the validity of the legislation. . . ."

It is the opinion of this court that the case at bar presents a situation which falls within the ambit of the basic rule as set forth in *The Law of Zoning and Planning, supra,* and the law as stated in *McNutt Oil and Ref. Co.* v. *Brooks* (1951), (Tex Civ App), *supra,* and *Ellicott* v. *Mayor & City Council of Baltimore* (1942), 180 Md. 176, 23 A2d 649.

Appellants next contend that the notice of the hearing before the Metropolitan Plan Commission was inadequate since it only specified that the hearing would be held in the "City-County Building." Appellants also claim that the street address of the property involved in the petition was incorrectly stated on the notice of hearing. From these contentions, they conclude that the entire proceedings were invalid.

This court is of the opinion that the facts in the case at bar indicate that appellants had adequate statutory notice of the hearing before the Metropolitan Plan Commission.

Appellants next cite authorities for the proposition that actions of the Metropolitan Plan Commission and the Marion County Council should be reversed if they acted in an arbitary, unreasonable and capricious manner. However, the appellants have wholly failed to establish any facts that would entitle them to relief under this proposition.

There are many contradictions in the decisions emanating from the several jurisdictions relating to "spot zoning."

There are also uncertainties in the diverse Indiana Zoning statutes due principally to a lack of statutory definitions. But we cannot create. We may only interpret the applicable statutes. Adhering to such established principles we conclude that there were no errors in the proceedings preliminary to this appeal.

The decision of the trial court is affirmed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 25.