JOHN KELLEY, NEVA KELLEY AND ALICE DICKMAN *v.* PAUL WALKER, ZONING ADMINISTRATOR OF SHELBY COUNTY, ELLA C. FUCHS AND CARTER LUMBER, INC.

[No. 1-374A43. Filed September 30, 1974. Rehearing denied November 13, 1974. Transfer denied August 19, 1976.]

*Brunner, Brown & Brunner,* of Shelbyville, for appellants.

*J. Lee McNeely,* of Shelbyville, for appellees.

LOWDERMILK, J.—Plaintiffs-appellants (Kelleys) initiated this action in equity, seeking to enjoin the enforcement of an ordinance which rezoned the property adjacent to the property owned by Kelleys. The action centers around the Shelby County Plan Commission and its recommendation to the Board of Commissioners of Shelby County that the tract in question be rezoned from A-1, Agricultural, to B-3, Commercial. Trial

was had to the court, after which the court made findings of fact and conclusions of law thereon and entered judgment against Kelleys.

Kelleys, in their brief to this court, have consolidated the specifications of the motion to correct errors into two issues and we shall treat them accordingly.

The first issue in this appeal is whether the Plan Commission acted in an arbitrary and capricious manner when it recommended the adoption of the ordinance in question. Evidence was presented to the Plan Commission at a hearing on December 28, 1971, by the petitioner seeking the rezoning as well as by the objectors thereto. After the hearing the Plan Commission took the matter under advisement and postponed further action until January 25, 1972, at which time the district conservationist was to make a report regarding soil and water characteristics of the proposed site. On January 25, 1972, another public hearing was held, the report of the conservationist was heard, discussed, and considered by the Plan Commission, after which the Plan Commission recommented that the area be rezoned from A-1 to B-3.

Kelleys contend that the actions of the Plan Commission were arbitrary and capricious in that the decision by the Plan Commission was not supported by any evidence and that the Plan Commission failed to follow its own rules of procedure pertaining to rezoning. The rules of procedure in question read, in pertinent part, as follows:

"It is recognized that the following factors shall be given complete consideration in any action on all rezoning petitions.
a. Location
b. Need
c. Topography
d. Increased demands on streets and utilities
e. Effect on adjacent property
f. Relationship to general land use pattern of neighborhood and community
g. Relationship to the comprehensive zone plan, and
h. Relationship to future land use plan

   i. That generally, the test is not one of size but of demonstrated community need

   j. Finally, that zoning is not a tool for special privilege for use of individuals, pressure groups, or public officials."

Kelleys argue that no evidence was presented to the Plan Commission on many of the factors hereinabove set out and that this lack of evidence establishes that the Plan Commission made the recommendation based on their own information rather than on evidence presented to them by the petitioner. Further, Kelleys point out that two of the board members who voted to approve the rezoning were not present at the first meeting of the Plan Commission and thus voted without hearing any evidence whatsoever.

Arbitrary and capricious conduct has been defined by this court as follows:

". . . Arbitrary or capricious action on the part of an administrative board means willful and unreasonable action, without consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action. . . ." *State Bd. of Tax Com'rs.* v. *Chicago, etc., R. Co.* (1951), 121 Ind. App. 302, 308, 309, 96 N.E.2d 279.

It must be remembered that on appeal this court must operate under the presumption that the trier of fact acted properly and not arbitrarily and capriciously. *Guevara* v. *Inland Steel Co.* (1951), 121 Ind. App. 390, 95 N.E.2d 714.

The test to be used on appeal in cases such as this was set out in the case of *Kinzel* v. *Reddinger* (1972), 151 Ind. App. 119, 277 N.E.2d 913, 914-915, as follows:

". . . Appellants, having initially sought the injunction against Appellees in the trial court, had the burden of proving the allegation that Appellees acted in an arbitrary and capricious manner. The trial court denied the relief sought, and Appellants are appealing from that negative verdict. A verdict against the party with the burden of proof presents no question to this court on the grounds of insufficiency of the evidence. . . .

. . . the only issue presented here for review is whether the action of Appellees was arbitrary and capricious, in that there were no facts which would lead a reasonable and honest man to take the action taken by Appellees. Only actions of an administrative body which are found to be arbitrary and capricious will be set aside by a court. . . .

Furthermore, the law of Indiana is clear that the burden is on the party seeking to upset an administrative order to show that there are no substantial facts to support the finding or action taken. . . . In this regard this court need only determine whether there is any evidence of probative value to support the judgment of the trial court and for this purpose only the evidence and inferences most favorable to the judgment below are to be considered. . . ." See, also, *Metropolitan Board of Zoning Appeals* v. *Sheehan Construction Co.* (1974), 160 Ind. App. 520, 313 N.E.2d 78.

The action in the case at bar was brought by the Kelleys, who had the burden of proving the material allegations of their complaint. Thus, Kelleys are appealing from a negative judgment and this court need only determine whether there is any evidence of probative value to support the judgment of the trial court. The evidence most favorable to the decision of the trial court indicates that evidence was presented to the Plan Commission in support of the rezoning relating to the projected location of a lumber yard which was to be built upon the property, to the need for rezoning, as well as topography information and projected demands to be made on streets and utilities. Although there was no positive evidence presented to the Plan Commission relating to each and every factor hereinabove set out, it is our opinion that the evidence before the Plan Commission and the reasonable inferences to be drawn therefrom was sufficient to support the action of the Plan Commission, as reasonable and honest men might have taken such action. It was not necessary that specific evidence be introduced relating to each and every factor hereinabove set out, but, rather, it was for the Plan Commission to view the evidence before it in light of all the factors. The trial court

had before it the evidence that was presented to the Plan Commission and the trial court determined that the action of the Plan Commission in recommending the rezoning was supported by the evidence and was not arbitrary and capricious.

Special mention is made by Kelleys of the fact that two of the members of the Plan Commission did not hear any of the evidence at the first public hearing. The record discloses that the vote in favor of the rezoning was six to one. Thus, it can be seen that a majority vote in favor of the rezoning was present with or without the votes of the two members in question. We cannot say that as a matter of law the fact that two of the members did not hear evidence at the first of the two hearings constitutes arbitrary and capricious conduct.

It is our opinion that the trial court correctly decided this issue and its decision was supported by the evidence and was not contrary to law.

The remaining issue is whether the rezoning was illegal as it affects the Kelleys.

Kelleys set out a well reasoned argument in their brief to support their position that the procedure used in this case (injunctive relief) was proper. Appellees have conceded this point and we need make no decision thereon.

The major consideration in this issue is whether the rezoning constitutes an unlawful and unconstitutional taking of Kelleys' property without just compensation therefor. The trial court in its finding of fact number ten found that the construction of the proposed lumber yard would depreciate the value of Kelleys' property by five percent. A similar argument was presented to our Supreme Court in the case of *Board of Zoning Appeals* v. *Shulte* (1961), 241 Ind. 339, 348, 349, 172 N.E.2d 39, wherein our Supreme Court held as follows:

"The resulting depreciation in value to certain private property as a result of the passage of a zoning ordinance

which is for the general welfare, health or safety, is not a ground for unconstitutionality. . . . that if a use is shown to be without question for the good of the public and general welfare, that no owner of private property adjacent or in the neighborhood, could complain because the value of his property might be thereby depreciated to some extent, since the purpose of the zoning laws is not to protect private, personal interest, but rather to protect and promote the general public interest." See, also, *Keeling* v. *Board of Zoning Appeals* (1946), 117 Ind. App. 314, 69 N.E.2d 613.

It is obvious that the rezoning will almost necessarily have some effect on the value of neighboring property. Although the value of Kelleys' property may have been slightly diminished by the rezoning in the case at bar, it is our opinion that the rezoning did not become, therefore, illegal or unconstitutional.

Kelleys also contend that the rezoning is illegal because of an improper notice procedure. It is unquestioned that the notice of the hearing was properly published pursuant to statute and correctly stated the time and place of the meeting of the Plan Commission and the purpose of the meeting, that being to rezone the area in question. Kelleys point out, however, that the notice in addition to stating that the proposed zoning change was from A-1 to B-3, further stated that the use to be made of the property was for a lumber yard. The recommendation of the Plan Commission did not restrict the use to be made of the property to that of a lumber yard but was simply a rezoning to B-3, Commercial. Kelleys argue that there are at least sixty uses that can possibly be made of property which has been zoned B-3, including a lumber yard.

An analogous situation was discussed by our Supreme Court in *Hauser, et al.* v. *Board of Commissioners* (1969), 252 Ind. 312, 247 N.E.2d 675, where an area was rezoned to an open industrial classification which would legally permit many uses. The only evidence presented in *Hauser, supra,* was that the property would be used strictly for the purpose of erecting an asphalt plant. Our Supreme Court found that such action

was not arbitrary and capricious even though the Board of Commissioners were only considering the desirability of an asphalt plant, while the area was rezoned open industrial.

It is our opinion that no reversible error was committed in relation to the notice provision. We find no evidence in the record that any use will be made of the property other than that stated in the notice.

Kelleys have contended that the rezoning is illegal in that it amounts to spot zoning. It is our opinion that this position is untenable and is not supported by the evidence. *Penn* v. *Metropolitan Plan Commission* (1957), 141 Ind. App. 387, 228 N.E.2d 25.

Under the evidence and the authorities hereinabove set out it is our opinion that the rezoning is not illegal or unconstitutional.

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 316 N.E.2d 695.