G. B. *v.* S. J. H.

[No. 3-275A26. Filed December 9, 1975.]

*Larry L. Ambler, Patrick Brennan and Associates,* of South Bend, for appellant.

*Leonard V. Campanale,* of Mishawaka, for appellee.

GARRARD, J.—This appeal challenges the sufficiency of the evidence to sustain a judgment that appellant is the father of twins born January 25, 1973.

Appellant may succeed if he can show that the evidence supporting the decision establishes *at best* a result based on mere conjecture, guess, surmise, possibility or speculation; or if he can show that the only evidence to support the result is so incredible in view of the other evidence that it could not induce conviction in any reasonable mind. *Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N.E.2d 828.

H testified that her relationship with B began in April, 1971; that they first had intercourse on the second or third date, and that thereafter they generally had intercourse more than once a week until the late summer of 1972. On cross examination she stated that on their first date they had gone to the Town and Country Theater to see "The Godfather." It appears that film was first shown at the theater in question on March 24, 1972.

B's account commences their relationship in April 1972. He stated he was "pretty sure" they first had intercourse on a date after the "Indianapolis 500" that year. He agreed that the relationship continued through most of the summer of 1972 and that they had intercourse several times a week.

H testified that she went with no other men during the period of their relationship, and B presented no evidence to dispute this.

There was also a conflict in the testimony regarding the use of contraceptives. H testified that at first she used contraceptives supplied by B, but that when the original supply ran out, it was not replenished. B testified that they never used contraceptives and that the first time they had intercourse H told him they were unnecessary because she was already pregnant.

Certainly the court had to make a credibility determination. However, despite the conflicts, it could have reasonably concluded that during late April and May, 1972, these parties were regularly engaging in intercourse and that a preponderance of the evidence established B as the father of the twins. We may not now reweigh that evidence or redetermine credibility.

Accordingly, the judgment is affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 338 N.E.2d 315.