**Paul HARBESON, et al,**
**Petitioner-Appellants,**

v.

**TOWN OF LANESVILLE, et al,**
**Defendant-Appellees.**

**No. 1–585A138.**

Court of Appeals of Indiana,
First District.

Dec. 23, 1985.

H.L. Whitis, Corydon, for petitioner-appellants.

Stanley O. Faith, New Albany, for defendant-appellees.

## STATEMENT OF THE CASE

NEAL, Judge.

Petitioner-appellants, Paul Harbeson, et al., (Harbeson), appeals a Harrison Circuit Court order affirming the Harrison County Board of Zoning Appeals' (Board) approval of the Town of Lanesville's (City) application for a special exception of use under the Harrison County, Indiana Zoning Ordinance (Ordinance).

We affirm.

## STATEMENT OF THE FACTS

On November 30, 1984, the Board held a hearing concerning the City's reapplication[1] for a special exception from the Ordinance's conditional prohibition regarding the establishment of sewage treatment plants in areas zoned "agricultural-residential" (A–R). The transcript of the hearing spans some 180 pages and includes appearances and statements by City attorneys, engineers, health officials, private attorneys, realtors and several local residents. Since the City did not own the land in question but merely possessed a "letter of intent" to sell the land issued by the titleholder, the issue of standing was raised and argued. Ultimately the Board adjourned the meeting, indicating that it would announce its decision on the City's special exception request at its next meeting, December 22, 1983. In the interim, the City purchased the land in question. On December 22, 1983, the Board received additional information, from both the City and Harbeson, regarding the City's application. Included were arguments on the issue of standing. At that meeting the Board approved the City's special exception

request. On January 19, 1984, Harbeson, pursuant to IND.CODE 36–7–4–1003,[2] filed a Writ of Certiorari with the appropriate trial court. After a flurry of motions and objections and two separate special judge appointments, the trial court affirmed the Board's action. From that judgment Harbeson now appeals.

## ISSUES

The issues on review are as follows:

I. Whether the City had standing as an applicant for a special exception.

II. Whether sufficient evidence exists to support the Board's finding that the special exception would not substantially and permanently injure the appropriate use of neighboring properties.

III. Whether the Board erred in failing to rule on the City's special exception request at its November 30, 1983, meeting rather than at its December 22, 1983 meeting.

IV. Whether the court erred in denying Harbeson's request for transcripts of both the Board's December 22, 1983 and May 31, 1984 meetings.

V. Whether the court erred in failing to consider what transpired at the Board's December 22, 1983 and May 31, 1984 meetings.

VI. Whether the Board erred by considering in its decision information presented outside the November 30, 1983 meeting.

## DISCUSSION AND DECISION

Our scope of review of a zoning board of appeals decision is the same as the trial

---

1. The City had initially applied for a special exception in July of 1981. On January 21, 1982, the Board denied the City's request. On appeal upon a writ of certiorari to the Harrison Circuit Court, the court remanded due to the Board's failure to support its decision with sufficient evidence. The City then reapplied for the exception.

2. IND.CODE 36–7–4–1003 reads in pertinent part as follows:

"(a) Each decision of the board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality. No change of venue from the county in which the premises affected are located may be had in any cause arising under this section."

court's. *Metropolitan Board of Zoning Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289. The only issue is whether the Board's decision is correct as a matter of law. If there is sufficient supporting evidence, the Board's otherwise lawful decision will not be disturbed. *Metropolitan Board of Zoning Appeals, supra.* A strong presumption exists that the judgment and ruling of the trial court is correct, and an appellant bears the burden of demonstrating error. *First National Bank of Mishawaka v. Penn-Harris-Madison School Corp.* (1972), 255 Ind. 403, 265 N.E.2d 16.

*Issue I.*

■ Harbeson first contends that the City failed to establish sufficient standing to allow Board consideration of its special request.

It has been held that Ind. Rules of Procedure, Trial Rule 17(A) [3] governing standing is applicable to administrative hearings, including zoning board of appeals proceedings. *Bowen v. Metropolitan Board of Zoning Appeals in Marion County* (1974), 161 Ind.App. 522, 317 N.E.2d 193. The purpose of the standing, or real party in interest, requirement is to prevent the filing of meritless and frivolous suits, or in this case, special exception requests by individuals without an interest in the outcome of the proceedings. *Bowen, supra.* The interest must be such that the judicial or administrative decision will cause the filing party injury or benefit. *Fail v. LaPorte County Board of Zoning Appeals* (1976), 171 Ind.App. 192, 355 N.E.2d 455. The party may not be a mere bystander.

In the instant case, the City was no mere bystander. The Board's decision may have meant the difference between eliminating or not eliminating a perceived serious health hazard, i.e. the apparent presence of raw sewage in the area. It is true that at the time the proceedings began the City had only an "agreement to agree" to buy the property at issue. However, prior to the Board's final action, the City had in fact purchased the property. Thus, even assuming arguendo that the City was not a real party in interest at the outset of the Board's proceedings, it clearly was such by the time the Board granted the request. A hyper-technical violation of that nature is of no consequence, particularly in light of the fact that, via eminent domain, the City could have mooted the entire standing issue by condemning the property. No public interest could have been served and it would have been a waste of public money to have purchased the property only to be denied the right to use it. While we agree that the City's standing would have been more easily ascertainable had it, prior to submitting its special exception application, entered into a contract to purchase the property conditioned on a favorable Board decision, the course it chose was sufficient to establish standing.

For the above reasons we hold that the City had sufficient standing to participate as a party in the Board's special exception proceedings.

*Issue II.*

■ Next, Harbeson contends that insufficient evidence was presented to support the Board's determination that the special exception would not "substantially and permanently injure the appropriate use of the neighboring property." Harrison County, Indiana, Zoning Ordinance Section 501.1.

When reviewing the sufficiency of the evidence, we may neither reweigh the evidence nor judge the credibility of the witnesses; we may only consider that evidence most favorable to the judgment below. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896. In order to prevail in a sufficiency of the evidence argument, the challenging party must show either that the supporting evidence is based on "mere conjecture, guess, surmise, possibility or speculation," *G.B. v. S.J.H.* (1975), 167 Ind.App. 175, 338 N.E.2d 315, or that the evidence supporting

---

**3.** Ind. Rules of Procedure, Trial Rule 17(A) reads in pertinent part as follows:

"(A) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest."

the result is such that no reasonable mind could have reached that result. *See G.B., supra.*

In order to obtain the special exception, the City needed to comply with the criteria for the exception as set forth in the Ordinance. *Ash v. Rush County Board of Zoning Appeals* (1984), Ind.App., 464 N.E.2d 347. If it complied, it was entitled to the exception as a matter of right. *Ash, supra.* Although not specified as such, Section 501.1 of the Ordinance indicates that the following are the criteria which must be met in order to obtain a special exception:

(1) The special exception is consistent with the spirit, purpose and intent of the ordinance;

(2) The special exception will not substantially and permanently injure the appropriate use of the neighboring property; and

(3) The special exception will not affect the health, safety, morals and welfare of the community.

Harbeson contends that the second criterion was not sufficiently proven.

The intent in establishing A–R zoning areas in Harrison County was to "preserve the rural character of the county by promoting agricultural and agricultural related uses." Harrison County, Indiana Zoning Ordinance, Sec. 501.1. Therefore, as part of its case, the City was required to establish that the placement of a sewage treatment plant on the property at issue would not substantially and permanently injure the agricultural character of the particular A–R zoned area. In attempting to do so, the City presented the following evidence:

—That so long as the plant is correctly operated no unpleasant odors would be emitted;

—That no disturbing noise would be emitted;

—That the plant would be designed to resemble other buildings in the area

and that trees could be planted to conceal its presence; and

—That various safety measures would be installed to prevent any discharge of offensive materials should a malfunction occur.

The above evidence was sufficient to prove that the plant's placement would not substantially and permanently injure the "appropriate use," mainly agricultural and single-family residential, of the neighboring properties.

*Issue III.*

Next, Harbeson contends that the Board's decision regarding the special exception request should have been vacated by the trial court because the Board made its decision at the December 22, 1983, meeting and not at the close of its November 30, 1983, meeting.

IND.CODE 36–7–4–919(e) reads as follows:

"The [board of zoning appeals] shall make a decision on any matter that is is required to hear under the 900 series [4] either:

(1) at the meeting at which that matter is first presented; or

(2) at the conclusion of the hearing on that matter, if it is continued."

■■■ We disagree with Harbeson's contention for two reasons. First, the statute did not take effect until January 2, 1984—more than a month after the close of the Board's November 30, 1983 meeting. Since the statute's predecessor contained no such provision, the Board was not subject to this conditional requirement. Second, even if the Board had been subject to the provision at its November meeting the provision would not have been violated. The subsequent December 22 meeting, at which the Board approved the City's request, was a continuation of the City's November meeting. Subsection (2) of the provision clearly allows for such a situation. However, even

4. Under IND.CODE 36–7–4–918.2, boards of zoning appeals are required to approve or deny all requests for special exceptions.

if a violation had occurred, it is Harbeson's burden to show reversible error. *Swingle v. State Employees' Appeal Commission* (1983), Ind.App., 452 N.E.2d 178. He has not.

*Issues IV and V.*

■ Harbeson next contends that the trial court erred both in denying his request for the transcripts from the Board's December 22, 1983 and May 31, 1984 meetings, and also in its purported failure to consider the matters that transpired in those two meetings.

Harbeson relies on IND.CODE 36–7–4–1008, which reads in pertinent part as follows:

> "(a) The board of zoning appeals shall, in the return to the writ of certiorari, concisely set forth *such facts and data as may be pertinent* and present material to show the grounds of the decision on appeal. The secretary of the board shall verify the return. The board may not be required to return the original papers acted on by it. It is sufficient to return certified copies of all or such part of the papers as may be called for by the writ."
> (Our emphasis.)

Under the above statute, the Board need only present material from its meeting that was "pertinent" to its decision. In his writ of certiorari, it was Harbeson's burden to show the pertinent nature of the materials he requested. This he failed to do. The issue is waived.

*Issue VI.*

During its proceedings, the trial court ordered the Board to make a determination regarding the issue of standing. The Board held two hearings, one on May 31, 1984, and the other on June 14, 1984, in an effort to determine the issue. Harbeson contends that these hearings were improper because IND.CODE 36–7–4–919(e) required the Board to make its final decision at its November 30, 1983 meeting.

■ First of all, having determined in our discussion of Issue I that the City had sufficient standing at least as early as the December 22, 1983 meeting, this issue is moot. Second, even if this issue was not moot, we already determined in our discussion of Issue III that IND.CODE 36–7–4–919(e) did not apply to the Board's November 30, 1983 meeting.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.