John Dennis ALLEN, Appellant–
Petitioner,

v.

BOARD OF ZONING APPEALS FOR the
CITY OF NOBLESVILLE, Indiana, et
al., Appellee–Respondent.

No. 29A02–9104–CV–171.

Court of Appeals of Indiana,
Second District.

June 23, 1992.

C. Duane O'Neal, Lewis & Kappes, Indianapolis, for appellant-petitioner.

Douglas D. Church, Church, Church, Hittle & Antrim, Noblesville, for Board of Zoning Appeals.

Gordon D. Byers, Cook & Byers, Noblesville, for Marina Ltd. Partnership.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant John Allen (Allen) appeals from the trial court's judgment affirming the decision of the respondent-appellee Board of Zoning Appeals for the City of Noblesville (Board), which granted a conditional use to the Marina Limited Partnership (Marina), claiming that the trial court erred when it did not require the Board to provide a verbatim transcription of its hearings and that the Board's decision was not supported by sufficient evidence.

We affirm.

## FACTS

The facts most favorable to the trial court's decision reveal that Marina owned and operated a 700 slip boat marina on Geist Reservoir. On February 27, 1990, Marina applied for a conditional use zoning exception to move 300 of the slips to a marina to be constructed on the west side of Olio Road on the south shore of Geist Reservoir in Hamilton County, Indiana. Marina also sought a variance from a developmental standard which would require the project to be completed in three years. Marina requested five years to complete the project. Hearings were held before the Board on April 12, 1990 and June 4, 1990.

At the hearings, Marina presented its proposal, detailing the various phases of construction, and used photographs showing the current marina and the proposed site of the new marina. Marina related that the existing marina was becoming overcrowded and that moving 300 slips would reduce the traffic congestion around the marina. The proposed site was next to a gravel extraction operation operated by a mining company. The Board's staff submitted a report in favor of granting the conditional use.

A variety of associations and concerned citizens also expressed their opinions about the proposed marina. Some groups and individuals favored the move, while others opposed it. Allen owned property across the street from the proposed site, and was among those who opposed the new marina. The remonstrators submitted evidence that the development of the marina would lower the property values of the homes near the site. After the evidence was submitted, the Board granted the conditional use and the variance requested by Marina.

Allen petitioned for a writ of certiorari, which was issued by the trial court. The Board replied to the writ, forwarding the records pertaining to its decision. The records contained copies of the Board's minutes of its meetings relating to Marina's application. The minutes were not a verbatim transcription of the hearings, but rather, were short summaries of the witnesses' testimony and questions asked by the Board. The Board also submitted its findings of fact concerning the grant of the conditional use and variance.

The trial court determined that two of the Board's findings were insufficient, and remanded the matter back to the Board for more explicit findings. After the Board complied, the trial court affirmed the Board's grant of the conditional use and the variance.

## ISSUES

1. Whether the trial court should have reversed the Board's decision because the Board did not provide a verbatim transcription of its hearings?

2. Whether the Board's decision was supported by sufficient evidence?

## DECISION

**■ ISSUE ONE**—Was the Board required to submit a verbatim transcription of its hearings?

PARTIES' CONTENTIONS—Allen argues that he was denied his right to a meaningful judicial review of the Board's action because a verbatim transcript of the evidence presented at the Board's hearings was not available. The Board responds that a verbatim transcript is not required and that the summary of the evidence contained in its minutes is sufficient to allow judicial review of its decision.

CONCLUSION—Allen was not denied his right to a meaningful judicial review of the Board's decision.

We are asked, for the first time in Indiana, to determine whether an intelligent review can be made of a board of zoning appeal's decision without having before the court a *verbatim* transcript of the board's hearing. We begin by examining the statutes regulating the Board's conduct, seeking a statutory source for the requirement of a verbatim transcript, and will then turn to other jurisdictions for guidance.

The Board is to adopt rules concerning the conduct of hearings before it. Ind. Code 36–7–4–916. It has the power to approve or deny conditional uses and variances from developmental standards. IC 36–7–4–918.2; IC 36–7–4–918.5. The statutory provision relating to the Board's hearings is found in IC 36–7–4–920, which details the notice required to be given and the evidence that can be accepted at the hearing. None of these statutes requires that the Board record its hearings or prepare verbatim transcripts of the evidence presented at the hearings.

The only reference to a transcript is found in IC 36–7–4–1008, which provides:

"(a) The board of zoning appeals shall, in the return to the writ of certiorari, *concisely set forth such facts and data as may be pertinent* and present materi-al to show the grounds of the decision on appeal. The secretary of the board shall verify the return. The board may not be required to return the original papers acted on by it. It is sufficient to return certified copies of all or such part of the papers as may be called for by the writ.

(b) If the writ of certiorari calls for *a transcript of the hearing before the board, the petitioner shall pay the costs of preparing the transcript.*"

(Emphasis supplied).

We cannot conclude that this provision mandates that the Board prepare a verbatim transcription of the evidence presented at its hearings in every case presented to it. The possible assessing of the cost of a transcript to a petitioner, standing alone, is simply insufficient to impose a statutory duty to prepare a verbatim transcription in light of the absence of any other reference to a transcript in the entire statutory scheme relating to boards of zoning appeals. The statute merely apportions cost. This is a far cry from imposing the potentially costly burden on boards of zoning appeals of being able to make a verbatim transcript of every word spoken at all of the numerous and occasionally lengthy hearings held by all of the boards throughout the state. And such a burden is the necessary inference from Allen's argument.

The question of whether the statute *should* require the Board to produce a verbatim transcription of the evidence presented at its hearings is more properly addressed by the legislature. There are numerous factors which must be weighed and balanced before such a public policy question could be decided. *See e.g. Campbell v. Criterion Group* (1992), Ind.App., 588 N.E.2d 511 (indigent civil litigants are entitled to free transcripts).

Allen argues that he has been denied his right to a meaningful judicial review of the Board's action. Drawing from decisions that have concluded that a board of zoning appeals is required to *explicitly set forth findings of facts* supporting their determinations to allow an intelligent judicial review of their decisions, *see Kunz v. Water-*

*man* (1972), 258 Ind. 573, 283 N.E.2d 371; *McBride v. Bd. of Zoning Appeals* (1991), Ind.App., 579 N.E.2d 1312, Allen argues that the record a board sends to a trial court must be sufficient to demonstrate that the board's decision is based on substantial evidence. He contends that a court cannot intelligently review a board's decision without a verbatim transcript of the evidence presented to the board.

No Indiana court has spoken on the subject, but the supreme court of Rhode Island has highlighted the proper factors to be considered:

"The statute in this case expressly authorizes a party aggrieved to prosecute a writ of certiorari in this court. By doing so, the Legislature places upon us the duty of passing upon the reasonableness of the discretion exercised by the board of review in any given case falling within the scope of the statute. We will be put to great unnecessary inconvenience in the performance of this duty in order to prevent injustice if any board, acting as the respondent did in the instant case, fails to keep a proper record of all the proceedings, *including a fair report or reasonably accurate summary of the oral testimony or facts brought before them,* upon which they are to base their decision. It is therefore proper procedure for zoning boards of review to keep at least a fair record of the proceedings, substantially in the manner specified. Such boards should also set forth the ground or grounds for their decision, as this court is entitled to know the basis for their action, so that it may determine whether their decision on the facts in evidence bears a substantial relation to the protection of the public interests."

*Robinson v. Town Council of Narragansett* (1938), 60 R.I. 422, 436–37, 199 A. 308, 314 (emphasis supplied).

▪ Just as the conclusion in *Robinson* that boards must set forth the grounds of their decisions is in accordance with the law developed in Indiana, *see Kunz, supra; McBride, supra,* so too is the reasoning that a board of zoning appeals should maintain a reasonably accurate *summary* of the evidence presented to it. Such a requirement does not necessarily or impliedly mandate the production of a verbatim transcript of the evidence presented to the board. An accurate *summary* of the evidence presented to a board of zoning appeals is sufficient to allow a meaningful and intelligent review of the board's decisions, keeping in mind that courts reviewing a board's decision may not reweigh evidence or substitute their judgment for that of the board. *McBride, supra.*

▪ Allen has made no argument that the summary of the evidence provided by the Board in its minutes is inaccurate. Although he asserts the summary is incomplete and claims that the testimony of several remonstrators was given only a cursory summation, the record submitted by the Board to the trial court contains eighty pages of materials offered in support of the remonstrators' arguments. *Record* at 171–251. Allen has not argued that the oral testimony of the remonstrators contained any evidence not reflected in other parts of the record; he seeks the perfection of a verbatim transcript of the evidence without demonstrating harm from the lack thereof.

So we cannot conclude, in this case at least, that a verbatim transcript is necessarily required in order for the Board to present to the trial court a reasonably accurate summary of the proceedings held before it. *See Harbeson v. Town of Lanesville* (1985), Ind.App., 486 N.E.2d 1065 (trial court did not err when it denied petitioner's request for transcripts when petitioner failed to demonstrate pertinent nature of materials requested).

ISSUE TWO—Was the Board's decision supported by sufficient evidence?

PARTIES' CONTENTIONS—Allen maintains that nine of the Board's findings are unsupported by evidence in the record. The Board replies that the evidence is sufficient to support its findings and asserts that Allen has simply asked this court to reweigh the evidence.

CONCLUSION—The evidence was sufficient.

When reviewing the Board's decision, we are governed by the presumption that the Board's action is correct in view of its expertise. *See McBride, supra.* Neither we, nor the trial court, may conduct a *de novo* review of the Board's actions, and we cannot reweigh evidence or substitute our judgment for the Board's. *Id.*

■ Because the Board granted the conditional use, Allen must show that the quantum of legitimate evidence was so proportionately meager that the Board's findings and decision could not have rested upon a rational basis. *Ash v. Rush County Bd. of Zoning Appeals* (1984), Ind.App., 464 N.E.2d 347, *trans. denied.*

■ The local zoning ordinance required the Board to make factual findings on a variety of factors when reviewing an application for a conditional use. *Record* at 176–77. While Allen finds fault in each of the Board's findings, our review of the evidence and the Board's decision convinces us that the evidence was sufficient to support the Board's findings. Allen would have us substitute our judgment for that of the Board.

■ The Board's conclusions that the marina would be harmonious with the city's comprehensive zoning plan and appropriate in appearance with the character of the land in the general vicinity, are supported by the report submitted by the Board's staff. That report also concluded that a marina was a permitted conditional use, that the master zoning plan had permitted mineral extraction from the site, that all developmental standards had been met, that the marina would be adequately served by existing public facilities and would not create an interference with traffic. *Record* at 124–25. The Board is entitled to consider the staff report as evidence. *See Metropolitan Bd. of Zoning Appeals v. Standard Life Ins. Co.* (1969), 145 Ind.App. 363, 251 N.E.2d 60, *trans. denied;* IC 36–7–4–920(g).

■ As to the Board's finding with respect to the production of excessive traffic, noise, glare, smoke, fumes or odors, the Board explicitly compared the marina to the mineral extraction process currently being operated. *Record* at 72. Further, Allen has presented no evidence which conflicts with the Board's conclusion. *See Ash, supra.* He has failed to show that the Board's finding did not rest on a rational basis.

The Board concluded that the marina would not be hazardous or dangerous to existing neighboring uses because it was approximately 1200 feet from the nearest residential development. *Record* at 84. Allen does not argue that the marina is not approximately 1200 feet from the residential development; he merely argues that 1200 feet is too close. He again is asking us to substitute our judgment for that of the Board.

Similarly, Allen's arguments against the Board's findings that the marina would not create excessive additional requirements at public expense and that it would not damage natural, scenic or historic features of major importance, are also invitations to second-guess the Board. While the Board's view of what constitutes excessive requirements or features of major importance may not coincide with Allen's, he has not demonstrated that the Board's conclusions are irrational.

In summary, Allen has failed to establish that the quantum of evidence before the Board was so insubstantial that the Board's decision did not rest on a rational basis. *See McBride, supra; Harbeson, supra; Ash, supra; Kelley v. Walker* (1974), 161 Ind.App. 591, 316 N.E.2d 695, *trans. denied.*

■ Allen complains that Marina's application for the conditional use was inadequate because a narrative statement required by the application and a zoning ordinance was incomplete. However, immaterial discrepancies or minor omissions in an application do not affect the validity of a zoning board's action, particularly when no prejudice is demonstrated. *Hudson Properties, Inc. v. City of Westwood* (1957), 181 Kan. 320, 310 P.2d 936; *Heath v. Mayor and City Council of Baltimore* (1946), 187 Md. 296, 49 A.2d 799; *Imbergamo v. Bar-*

*clay* (1973), 77 Misc.2d 188, 352 N.Y.S.2d 337; *State v. City of Spokane* (1911), 64 Wash. 388, 116 P. 878. And procedural irregularities are waived when the merits of the application are considered and the application is granted. *City and County of Denver v. Spiegleman* (1924), 76 Colo. 307, 231 P. 204; *Community Synagogue v. Bates* (1956), 1 N.Y.2d 445, 154 N.Y.S.2d 15, 136 N.E.2d 488; *Castle Estates, Inc. v. Hubbard* (1967), 52 Misc.2d 774, 276 N.Y.S.2d 741; *City of Spokane, supra.* Allen points to no prejudice, so any procedural defect in Marina's application was waived when the Board considered the application and granted the conditional use.

■ Finally, counsel for the Board and Marina both complain that Allen improperly captioned them personally as "Defendants" in the petition for the writ of certiorari. Allen objects to the highlighting of certain parts of the record in a green fluorescent ink after the record had been filed. It is inappropriate to include any party as a "defendant" in the caption of a petition for a writ of certiorari, as the Board is the only proper *respondent* to such a petition (even though counsel for various parties might receive the notice to adverse parties required by IC 36-7-4-1005). It is similarly inappropriate to alter the record of proceedings after it has been filed in this court. These matters, however, are irrelevant to the merits of this appeal, and do not amount to reversible error.

Judgment affirmed.

SHIELDS and MILLER, JJ., concur.