HOUSER ET AL. v. BD. OF COMM. OF DEKALB CO. ET AL.

[No. 268-S-25. Filed May 20, 1969. No petition for rehearing filed.]

*Philip Butler,* Auburn, *James R. Grossman,* Fort Wayne, *David B. Keller, Livingston, Dildine, Haynie & Yoder,* of counsel, Fort Wayne, for appellants.

*Warren G. Sunday,* Auburn, for appellee, Board of Commissioners of DeKalb County.

*Grant Van Horne,* Auburn, for appellee, K.P. Sithen, Building Commissioner.

*Winslow Van Horne,* Auburn, for appellees, W. E. Hartung and Dorothy Hartung.

HUNTER, J.—This is the second of two cases which are concerned with the zoning classification of ten acres of farm

land in DeKalb County, Indiana. In this case, the appellants seek relief on the grounds that the classification of these ten acres as "open industrial" constitutes "spot zoning" and is, therefore, in violation of the state's zoning laws. The trial court entered the following findings of facts:

"8. That on or about the 15th day of July, 1963, defendant the Board of Commissioners of the County of DeKalb, Indiana, enacted a certain Ordinance No. 63-5, a copy of which is attached to plaintiffs' complaint, marked 'Exhibit A', and made a part hereof, wherein the Board of Commissioners of the County of DeKalb, Indiana, created the DeKalb County Plan Commission for the purpose of adopting a Master Zoning Plan which, among other things, would establish zoning classification districts and zoning maps establishing the boundaries of zoning districts.

9. That pursuant to statute and the ordinance above referred to, defendant DeKalb County Plan Commission formulated, adopted, and submitted to defendant the Board of Commissioners of the County of DeKalb, Indiana, a certain Master Plan captioned 'Comprehensive Master Plan Ordinance' and proposed ordinance, a copy of which is attached to plaintiffs' complaint, marked 'Exhibit B', and made a part hereof; that by its own terms said Master Plan purported to be and is a comprehensive land-use plan for the development through zoning of the territory within the jurisdiction of the DeKalb County Plan Commission.

10. That the Master Plan and zoning maps thereto, as submitted by the DeKalb County Plan Commission to the Board of Commissioners of the County of DeKalb, Indiana, on December 7, 1964, classified and zoned the real estate of the defendants W. E. Hartung and Dorothy Hartung, as being wholly contained within a zoning district designated as C-RS, being identified as rural suburban residence.

11. That thereafter and before said zoning ordinance and zonging (sic) maps were approved by the Board of Commissioners of the County of DeKalb, said DeKalb County Plan Commission revised said zonign (sic) maps by placing the southwest quarter of the southwest quarter of the southwest quarter of Section 35, Town-

ship 33 North, Range 12 East, in the C-1 Open Commercial District.

12. That thereafter, on the 21st day of December, 1964, the Board of Commissioners of the County of DeKalb adopted said zoning ordinance and said zoning maps, as revised by said DeKalb County Plan Commission.

13. That the placing of the real estate described in paragraph 11 hereof in a C-1 Open Industrial District is supported by substantial evidence and the action of the Plan Commission of DeKalb County and the County Commissioners of the County of DeKalb in so placing said real estate in said district is neither arbitrary nor capricious."

Based upon these facts, the court entered the following conclusions of law:

"1. That plaintiffs are not entitled to the relief sought in their complaint herein.

2. That said zoning ordinance, a copy of which is attached to plaintiffs' complaint, was validly enacted by the Board of Commissioners of the County of DeKalb, as revised by the DeKalb County Plan Commission."

The only errors urged on appeal are the specifications in the appellants' motion for a new trial, "that the decision of the Court is not sustained by sufficient evidence" and "that the decision of the court is contrary to law." The motion for a new trial was filed on October 25, 1967, well after the adoption of Supreme Court Rule 1-14B which provides:

"Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

Thus, this court will only consider those errors which were presented to the trial court by the appellants' memorandum.

We have taken extracts from this memorandum as a means to present the appellants' sole argument on appeal.

1. "The evidence, or more accurately, the complete lack of evidence, upon which the County Commissioners acted was devoid of probative value, and the quantum of legitimate evidence was so proportionately meager as to lead to the conviction that its finding did not rest on a rational basis, and that the result of its actions were substantially influenced by improper considerations."

2. "It is well established that courts may, can and do determine whether the action of a zoning board is contrary to law, is arbitrary, is in abusive discretion, or is oppressive."

3. "The essential question, therefore, in this case . . . is for the court to determine . . . Whether the zoning classification assigned to the Hartung tract was, in fact, reasonable and proper, or whether it was arbitrary, unreasonable, capricious, and oppressive."

The trial court found that the adoption of the zoning classification by the Board of Commissioners was "neither arbitrary or capricious". It should be remembered that it was the appellants who instituted the action and had the burden of proof. A decision against a litigant with the burden of proof is a negative decision against him and may not be attacked on the ground that the evidence is insufficient to sustain the decision of the trial court. *State Farm Life Insurance Company v. Spidel* (1964), 246 Ind. 458, 202 N. E. 2d 886. Thus, the judgment of the trial court should be affirmed unless the evidence "leads to but one reasonable conclusion and the trial court has reached a contrary conclusion". 2 Wiltrout, Indiana Practice § 1768-2 at 531. We review the record in the case at bar only to make this limited determination.

Although much of the evidence is in conflict, the following facts are not in dispute:

(1) The ten acre tract lies in a sparsely settled rural area with no nearby industrial sites except for gravel pits located both to the north and the south.

(2) DeKalb County has no competitive asphalt plants in the area around the Hartung farm.

(3) This ten acre tract is regarded by at least some experts as a suitable location for an asphalt plant. (In support of such a conclusion, the experts pointed out the desirability of the proximity of gravel in the area and the possible reduction in cost to the consumer-taxpayer in being able to process asphalt in the same general location where it is to be used.)

Since there was substantial testimony to the effect that a reasonable use of this ten acre tract would be the operation of an asphalt plant, and that said use would benefit the public by reducing the cost of road construction, we do not believe the evidence "leads to but one conclusion" that the zoning classification was arbitrary or capricious.

The appellants spend much of their appellate argument in attempting to establish that the zoning classification of this ten acre tract amounted to "spot zoning". Appellees concede that the land surrounding this tract has not been given the same zoning classification, but point out that consistency is not absolutely required if the tract differs in character so as to deserve different treatment. *Penn v. Metropolitan Plan Commission* (1967), 141 Ind. App. 387, 228 N. E. 2d 25; *Village of Terrace Park v. Errett* (1926), 12 F. 2d 240.

Finally, appellants' contention that the ten acres could be used for purposes other than for an asphalt plant is simply not supported by the evidence. While it is true that the "open industrial" classification would legally permit other uses, there is no suggestion in any of the evidence that other industrial use would be practical or economically feasible. Ironically, the appellants, in attempting to

prove that the classification was entirely unreasonable, were only able to establish that industrial uses other than the contemplated asphalt plant were not practical. We therefore do not believe that it was an arbitrary or capricious decision by the Board of Commissioners to zone the ten acres "open industrial," even if, in so doing, the Commissioners were only considering the desirability of the proposed asphalt plant.

For all the foregoing reasons, we hold that the evidence in the case at bar does not establish as a matter of law that the enactment of the zoning ordinance here in question was arbitrary or capricious. We, therefore, hold that the judgment of the trial court should be affirmed. We have noted and considered several preliminary motions which were filed by the appellees, and particularly two of their procedural contentions:

(1) That this action involved the application rather than the *validity* of a municipal ordinance and was, therefore, more properly a subject for an appeal to the Appellate Court rather than a direct appeal to this court, and

(2) That this action should have been barred by the doctrine of 'res judicata'.

Inasmuch as we have found the merits of the controversy are with the appellees, we feel it is unnecessary to rule on these procedural issues.

Judgment affirmed.

Arterburn, Givan and Jackson, JJ., concur. DeBruler, C. J., concurs in result.

NOTE.—Reported in 247 N. E. 2d 675.