ALFONSO HALFORD THOMPSON *v.* EMMA LEE THOMPSON.

[No. 572A227. Filed August 27, 1973.]

*David F. Shadel,* Legal Services Organization of Indianapolis, Inc., for appellant.

*Douglas J. Hill, Cadick, Burns, Duck & Neighbours,* of Indianapolis, for appellee.

WHITE, J.—Plaintiff-appellant, the husband, was denied a divorce and he appeals. The ground alleged was cruel and

inhuman treatment. The "proof" was the husband's testimony, as follows:

"Q. In your complaint you allege she was guilty of cruel and inhuman treatment, the Court would like to know just why you want a divorce.

"A. What I called that is leaving me, you know, going to another city. I don't know why she was dissatisfied all the time she was married with me. All the time she wanted to go to another city, she never liked Indianapolis."

Further questioning brought out that her leaving and going to another city consisted of two trips to Seattle, Washington. After her return from the second trip the couple separated. The trial judge asked the husband whether she had refused to live with him as his wife. His answer: "No, she hasn't".

Even though we were to assume that this evidence is sufficient to support the conclusion that the wife was guilty of cruel and inhuman treatment (had the trial court drawn that conclusion) we certainly cannot say that it leads inescapably to that conclusion. We, therefore, cannot say that the court erred in failing to find that appellant was entitled to a divorce. *Houser* v. *Board of Commissioners* (1969), 252 Ind. 312, 247 N.E.2d 675; *Foster* v. *Foster* (1923), 79 Ind. App. 345, 138 N.E. 360.

There was also evidence that the wife had been adjudged incompetent after the action was commenced. At the conclusion of the trial the wife's attorney stated that he had talked to her prior to the guardianship, "her mind was fairly clear", she did not want to contest the divorce and did not want to live with her husband any longer. Whereupon the court stated: "I am going to take this case under advisement for an investigation."

Neither appellant, nor his attorney, nor anyone else made any objection to the court making his own investigation, nor

was there any request that the court make a record of what he learned in that investigation, nor was it suggested that it would be improper for the court to allow the investigation to influence his decision whether or not to grant the divorce. Ten days later the court made the following entry: "Court makes investigation. DIVORCE DENIED."

Even in his motion to correct errors the appellant made no objection to the investigation or to the court acting on anything learned by it. Nevertheless the argument made in this court is premised on the assumption that appellant proved grounds for divorce and it was denied because of an unpleaded and unproved incompetency at the time of the acts of cruelty complained of. Implied is the suggestion that the judgment can be affirmed only by presuming that the trial court learned something in the investigation which justified denial of the divorce.

In view of what we have said concerning the weakness of appellant's case we need engage in no speculation concerning matters *de hors* the record.

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 300 N.E.2d 368.