KAREN DANES B/N/F MARY DANES *v.* AUTOMOBILE UNDERWRITERS, INC., ATTORNEYS IN FACT FOR STATE AUTOMOBILE INSURANCE ASSOCIATION.

[No. 2-573A109. Filed March 11, 1974.]

*William R. McCain,* of Martinsville, for appellant.

*David F. McNamar, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellee.

SULLIVAN, P.J.—On September 21, 1968, in Mooresville, Indiana, Karen Danes, age 11, was injured in an automobile accident involving an uninsured motorist. At the time, Karen was an additional insured under the uninsured motorist provision of an insurance policy issued by defendant-appellee (insurer) to Karen's father, George Danes. A settlement was reached between the insurer and George and Mary Danes, as parents of Karen, with respect to Karen's injuries. George and Mary executed a release to the company from any further claim for such injury.

Subsequently, in apparent dissatisfaction with the settlement, Mary brought suit for declaratory judgment in Karen's behalf seeking to set aside the release as void. The complaint alleged that the release had been obtained by fraud and additionally that it was "void ab initio as against public policy." Appellant (Danes) appeals from a judgment for defendant upon the plaintiff's complaint.

The pertinent evidentiary facts disclose that at the time of the automobile collision, Karen bumped her head and appeared to have injured her arm. After being transported by ambulance to an Indianapolis hospital and having x-rays taken, Karen was released by the hospital physicians. She was never under further medical care as a result of injuries occasioned by the accident. The medical bill with respect to Karen's injuries totaled $21.00 ($16.00 for hospital charges and $5.00 for ambulance fee).

During his initial investigation, some three days following the accident, Harley Owens, a claims representative for insurer, telephoned the Daneses with reference to their claim. He was told that they had consulted an attorney. Owens thereupon declined to discuss the matter further directly with the Daneses.

One week later, on October 1, 1968, Owens was informed "by the Home Office" that the Daneses "had called in and weren't represented by an attorney and that they wanted to see us and wanted a settlement as they needed money." The testimony of George Danes indicates that he had post-dated a $100.00 check in an automobile purchase arrangement and needed the settlement proceeds to cover the check.[1]

Owens went to the Danes home on the same day, October 1. After obtaining a written statement signed by Mrs. Danes which represented that as of that date Karen had been released from a physician's care, Owens offered and the Daneses accepted, with respect to Karen's injuries, a settlement of $71.00, $50.00 more than the medical expense incurred. In return, Mr. and Mrs. Danes executed the release in question.

Although no medical testimony was introduced in the trial below, Mrs. Danes testified that some six to nine months following the accident, she noticed that Karen at times "seemed inattentive", had headaches, would get a "glazed look in the eye" and would tremble.

Two questions are presented for our resolution:

1. Does the evidence require a finding of actual or constructive fraud on the part of the insurance company in obtaining the release?
2. Was the release void as a settlement of a minor's claim without the court's approval as required by statute?

---

1. The total settlement amount paid to Danes involved claims other than that of Karen for her personal injury.

## EVIDENCE DOES NOT REQUIRE A FINDING OF FRAUD

Insofar as Danes alleges that the decision of the trial court is not supported by sufficient evidence, no issue is presented for review.

As held in *Houser* v. *Bd. of Comn. of DeKalb County* (1969), 252 Ind. 312, 316, 247 N.E.2d 675:

> "A decision against a litigant with the burden of proof is a negative decision against him and may not be attacked on the ground that the evidence is insufficient to sustain the decision of the trial court. . . . Thus, the judgment of the trial court should be affirmed unless the evidence 'leads to but one reasonable conclusion and the trial court has reached a contrary conclusion'."

Without recapitulating the evidence hereinbefore set out, suffice it to say that the testimony adduced at trial does not compel, as a matter of law, a conclusion that fraud, actual or constructive, was present in the obtaining of the release.

## RELEASE NOT VOID BUT IS UNENFORCEABLE ABSENT APPROVAL OF SETTLEMENT BY COURT OF COMPETENT JURISDICTION

Indiana's Minor's Compromise Statute, IC 1971, 29-1-18-38, Ind. Ann. Stat. § 8-138 (Burns Code Edition), provides in pertinent part:

> "(b) Whenever a minor has a disputed claim, whether arising as a result of personal injury or otherwise, and no guardian of his estate has been appointed, his natural guardians shall have the right to compromise or settle such claim, but before the compromise or settlement is valid, it must be approved by the court upon filing of a petition therefor, which petition may be filed either in a court having venue and jurisdiction of the claim, or in a court having jurisdiction of guardianship at the minor's place of residence. If the court approves the compromise or settlement, it may direct the money be paid over in accordance with the provisions of section 1950 [29-1-18-50] hereof, or may require that a guardian of the estate be appointed and that the money be delivered to such guardian."

Had the plaintiff's complaint for declaratory judgment been phrased differently and couched in terms of unenforceability rather than voidness or had counsel below prior to or during trial specifically called the court's attention to the statute, the matter might well have been resolved differently. Although the trial brief of Danes submitted prior to judgment and the "Statement of Facts" accompanying her Motion to Correct Errors assert that Karen's minority prevents "anyone from acting for her without approval of the Courts", the statute itself is first referred to in appellant's brief in this court.

Insurer asserts that the citation of the statute gives rise to a new issue on appeal which was not before the trial court. We do not agree. This objection is couched in terms of an alleged change in the theory of the case. Without regard to whether or not such objections remain viable under the present Rules of Civil Procedure (*See Ayr-Way Stores, Inc.* v. *Chitwood* (1973), 261 Ind. 86, 300 N.E.2d 335),[2] it is our opinion that such argument is inapplicable to this case.

Danes' complaint alleged that:

"Said document was void ab initio as against public policy and has no force or effect as to Karen Danes, a minor."
and her trial brief and the Statement of Facts and Grounds accompanying her Motion to Correct Errors discloses that she has persistently argued that a minor's claim may not be compromised or settled without court approval. As stated in *Bielat* v. *Folta* (1967), 141 Ind. App. 452, 229 N.E.2d 474 (Opinion on Rehearing) :

"Appellees' argument and decisions relied on relating to a departure from the 'theory of the case' have no application here. The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal.

2. While it may no longer be correct to speak of a theory of recovery in the pleading sense, the litigation itself does and must proceed upon some definite and identifiable factual premise.

Questions within the issues and before the trial court are before the appellee [sic] court, and new arguments and authorities may with strict priority be brought forward."

The public policy argument as made below is therefore properly before us for as stated in *Russell* v. *Johnson* (1943), 220 Ind. 649, 665, 46 N.E.2d 219:

"[T]he public policy of this State will be determined from a consideration of its constitution, *its statutes*. . . ." (Emphasis supplied)

Thus, the only omission by trial counsel was citation to the actual statute.

It is clear that:

". . . the courts of a state will take judicial notice of its own public statutes and that it is accordingly unnecessary to plead them or to set out the contents or substance thereof." *Chicago & Calumet District Transit Co., Inc.* v. *Stravatzakes* (1959), 129 Ind. App. 337, 344, 156 N.E.2d 902.

While failure to cite the controlling statute cannot be said to be sound trial practice, it does not constitute waiver of a contention within the factual framework of the litigation as argued below. The Minor's Compromise Statute must therefore guide our deliberations.

The statute provides that ". . . before the compromise or settlement is valid, it must be approved by the court. . . ."

This does not mean, as Danes claims, that absent such approval the release culminating the settlement is void ab initio. If the attempted settlement were void ab initio, any attempt by a court to "approve" it would be nugatory. Clearly, a compromise by a minor's parents cannot be void ab initio, as the statute itself provides that they "shall have the right to compromise or settle such claim. . . ." The *enforceability* of the compromise or a release accompanying it is suspended, however, until the settlement is approved by a court of competent jurisdiction. This construction is consistent with that given similar statutes. For instance, IC 1971, 32-2-2-1,

Ind. Ann. Stat. § 33-104 (Burns Code Edition) provides in pertinent part:

> "No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one [1] person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, . . . ."

The Indiana Appellate Court in *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 94 N.E. 1027 held that such a contract was merely voidable, and could be ratified *after* the making of the contract by satisfying the requirement of a writing.

The Court there noted that the word "invalid" in connection with a contract against public policy might render the agreement void. It cannot be said, however, that contracts which settle disputed claims, even those on behalf of minors, violate public policy. To the contrary, the settlement of disputes by agreement of the parties or their representatives is favored in the law.

It is thus not the settlement agreement and accompanying release in instances of a minor's compromise which are contrary to public policy. It is rather the finalization of such settlement as binding upon the minor which is held in abeyance as a matter of public policy pending court approval. Thus as in the *Doney* case, the contract is voidable rather than void until the requisite statutory protection has been afforded.

It is therefore our opinion that the trial court correctly denied Danes' prayer that the release be declared void.

Upon the narrow grounds herein treated and upon these grounds only, we affirm the judgment of the Marion Circuit Court.

Buchanan and White, JJ., concur.

NOTE.—Reported at 307 N.E.2d 902.