NORTHERN INDIANA SLURRY SEAL, INC. *v.* K & K
TRUCK SALES, INC.

[No. 3-474A55. Filed December 30, 1975.]

*William L. Soards,* of Indianapolis, *Richard W. Mehl, Mehl, Mehl & Beeson,* of Goshen, for appellant.

*James A. Simpson, Wilmer L. McLaughlin,* of Goshen, for appellee.

GARRARD, J.—On December 12, 1969, appellant (Slurry Seal) commenced suit against appellee (K & K) to replevy

a semi dump trailer. Additional paragraphs of complaint sought damages for loss of use and for damage to the trailer.

Bench trial was had August 13, 1973. When the trial commenced, the count for possession was dismissed as moot. The court found for the defendant on the damage claims. Slurry Seal contends this decision was not sustained by the evidence and was contrary to law.

Since the decision was against the party with the burden of proof, the first assignment presents no reviewable question. *Houser* v. *Bd. of Commr's* (1969), 252 Ind. 312, 247 N.E.2d 675.

With respect to the second assignment, we affirm because the evidence introduced at trial was conflicting and did not lead inescapably to a conclusion contrary to the one reached by the court. *Houser, supra.*

The evidence and the reasonable inferences that might be drawn therefrom most favorable to the decision establish the following.

Wilden Snyder was the president of Slurry Seal. In 1967 he personally was the owner of a semi tractor. International Harvester Credit Corp. commenced a suit against Snyder to secure possession of the tractor. An order in that action directed Snyder to deliver the tractor to the sheriff of Elkhart County on August 16, 1967. By agreement, Snyder drove the tractor to the Elkhart County Home and parked it. He then delivered the ignition keys to the sheriff's department. When he delivered the tractor, the trailer, which is the subject of this suit, was attached to it. However, Snyder made no particular mention of the trailer or request for its return to personnel in the sheriff's office.

The sheriff's office apparently directed that the tractor and trailer be moved to K & K's lot. This was accomplished by a wrecker service. From 1967 until December, 1969, the trailer remained parked on the K & K lot. Throughout this

period, K & K did not use the trailer, nor did it claim to have any interest in it.

Snyder admitted that four or five days after it was taken there, he saw the trailer on the K & K lot. Although Snyder was well acquainted with Fred Kirkpatrick, the owner of K & K, neither Snyder nor anyone else from Slurry Seal requested possession of the trailer prior to October 13, 1969.[1] On that date, Kirkpatrick wrote to Snyder stating that K & K needed to utilize the space occupied by the trailer and that unless the trailer was picked up by the end of the month, K & K would begin charging storage.

On October 27, Slurry Seal wrote to K & K asserting that it, rather than Snyder, owned the trailer. K & K replied that if Slurry Seal would furnish some evidence of ownership, K & K would be pleased to have it pick up the trailer. On December 16, 1969, a copy of the title certificate was furnished to K & K. On December 22, K & K delivered the trailer to Slurry Seal.[2]

In Indiana, the ancient actions of replevin for a wrongful taking, and detinue for a wrongful detention where possession had not originally been unlawful, are covered by statute. IC 1971, 34-1-8-1 provides,

> "When any personal goods are wrongfully taken, or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof."

IC 1971, 34-1-27-1 then provides,

> "In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof, in case a delivery

---

1. The evidence on demand was conflicting. Snyder claimed to have asked Kirkpatrick for the trailer in February, 1968. This was denied by Kirkpatrick. Snyder also stated that he once asked a K & K employee for the trailer and received no answer. Beyond this, he admittedly took no overt action to seek the trailer's return.

2. Thus, the claim for possession became moot.

can not be had, and damages for the detention. When the property has been delivered to the plaintiff, the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return can not be had, and damages for the taking and withholding of the property."

Construing these provisions together, damages are recoverable either when the property is wrongfully taken; or if it is not wrongfully taken, when it is unlawfully detained.

To recover where merely the detention is unlawful, it is necessary that the plaintiff show demand for return of the goods. *Farrar* v. *Eash* (1892), 5 Ind. App. 238, 31 N.E. 1125. *See, also, Roberts* v. *Norris* (1879), 67 Ind. 386.

Upon the evidence we have recited, the court could have determined that K & K did not wrongfully take the trailer and that it did not unlawfully detain the trailer after proper demand was made for its return.

Furthermore, to the extent that K & K might have been liable as a gratuitous bailee for damages to the trailer, no proof was offered of any want of care on K & K's part occasioning the alleged damage. *Compare,* the reasonable care requirement in bailments for mutual benefit, *Wilson* v. *Reynolds* (1938), 213 Ind. 436, 13 N.E.2d 218, with the gratuitous bailee requirement of "gross negligence" referred to in the older cases. *Bronnenburg* v. *Charman* (1881), 80 Ind. 475; *Conner* v. *Winton* (1856), 8 Ind. 315.

Thus, the court did not reach a conclusion contrary to the *only* reasonable conclusion when it determined that Slurry Seal failed to meet its burden of proof.

The judgment is affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 338 N.E.2d 704.