CENTRAL BANK AND TRUST, GASTON, INDIANA *v.*
DEPARTMENT OF FINANCIAL INSTITUTIONS OF THE
STATE OF INDIANA, INDUSTRIAL TRUST & SAVINGS BANK,
THE MERCHANTS NATIONAL BANK OF MUNCIE AND
AMERICAN NATIONAL BANK AND TRUST COMPANY.

[No. 2-374A73.  Filed September 7, 1976.]

*Henry C. Ryder, D. Reed Scism, Roberts Ryder & Rogers,*
of Indianapolis, *William H. Bales, Jr., Bales & Bales,* of
Muncie, for appellant.

*John H. Moll, Gregory A. Huffman, DeFur, Voran, Hanley,
Radcliff & Reed,* of Muncie, for appellee Merchants National
Bank and American National Bank and Trust Company,
*Theodore L. Sendak,* Attorney General, *John H. Meyers,*
Deputy Attorney General, for appellee Department of Fi-
nancial Institutions, *Frank E. Gilkison, White, Pierce Beasley
& Gilkison,* of Muncie, for appellee Industrial Trust & Savings
Bank.

WHITE, J.—The Indiana Department of Financial Institu-
tions (Department) refused to approve the application of
Central Bank and Trust of Gaston (Central) for permission
to move its home office from Gaston (pop. 928) to 4910 Kil-
gore Avenue, Muncie (pop. 69,080) where it maintains a
branch bank. The branch was established with the Depart-
ment's approval at a time when 4910 Kilgore was not con-
sidered to be within Muncie's boundary. By the time Central

proposed these moves, it had become a part of the city.[1] Central petitioned the court below for reversal of the Department's decision upon judicial review pursuant to the Indiana Administrative Adjudication Act, Ind. Ann. Stat. § 4-22-1-1 *et seq.* (Burns Code Ed., 1974), particularly §§ 4-22-1-14 through 18. The reviewing court denied Central's petition and sustained the Department's order. We affirm.

In their respective decisions both the Department and the reviewing court relied upon the rationale of an opinion of the Attorney General of Indiana, 1960 O.A.G. No. 47, p. 268. In practical effect that opinion holds that the so-called home-office protection-rule[2] denies the Department the power to approve an application by a bank to move its home office into a city or town in which another bank's home office is located.[3] Central contends this is an erroneous application of the rule, that it renders the decisions contrary to law. However, Central has failed to convince us that there is a valid legal theory, or applicable rule of law, which would have entitled it to a favorable decision. We therefore affirm.

Central's briefs in this court, as in the reviewing court and before the Department, make the argument that the Muncie branch is Central's predominant office; that it is in fact

---

1. The Department expressly found: "8. The remonstrance filed against General Ordinance No. 1797 has since been held invalid by the Circuit Court of Delaware County, arguably bringing the area of 4910 Kilgore Avenue within the City of Muncie." The Department's conclusions, however, can be rationalized on no basis except that it considered the annexation of the area to have become effective with the judicial invalidation of the remonstrance.

2. The statute providing for branch banks, Section 224 of the Financial Institutions Act of 1933, as amended, Ind. Ann. Stat. § 28-1-17-1 (Burns Code Ed., 1973) contains the following provision which is called the home-office-protection-rule:

"Before the department shall approve or disapprove any application for the establishment of a branch bank, as herein authorized, it shall ascertain and determine . . . in the case of counties [other than Marion] that there is no bank . . . located in the city or town . . . if the application is for a permit to open . . . a branch bank in a city or town other than that in which the applicant . . . is located. . . ."

3. This is an oversimplification of the O.A.G.'s rationale, but not of its effect as applied to this case.

Central's principal office in terms of number of customers served, number of employees, amount of time therein by its president, etc. It implies that this fact alone is sufficient to entitle it to the Department's approval. It appears to premise this conclusion on the fact that Ind. Ann. Stat. § 28-1-5-3 (Burns Code Ed., 1973), which is the only expressly applicable statute, reads in pertinent part: ". . . the location of the principal office may be changed at any time, or from time to time, when authorized by the board of directors, and approved by the department. . . ." Central's arguments stop short of contending that because the statute states no criteria for the Department's guidance that any bank with a home office anywhere in Delaware County is entitled to the Department's approval of its request to move its home office into Muncie. But it does contend that because Central now has a branch bank there, Central is "located" in Muncie, as "located" is used in the branch bank section, § 28-1-17-1, of the Financial Institutions Act. Therefore, it reasons, Central is not prohibited by that section's home-office-protection-rule from establishing additional branches in Muncie; that it may do so on the same showing required of any Muncie bank. The implication is that the change of designation of the Muncie office from branch bank to principal office is a formality that has no legal effect; it merely gives official recognition to the Muncie office's *de facto* status.

If it is true that approval of Central's application would do no more for Central than to permit it to take its branch bank signs to Gaston and return to Muncie with its main office sign, then it has not been hurt by the disapproval. If approval would do more, if it would change Central's status from that of a bank *located* in Gaston to that of a bank *located* in Muncie, then Central obviously would gain expansion potential in Muncie it probably never could enjoy in Gaston. Yet, if that be the case, Central has shown us no reason it should be permitted to move to Muncie. Consequently, there is no reason for us to speculate whether the Attorney General's 1960 Opinion No. 47

furnishes a valid reason for denying all petitions to move a bank's principal office into a city or town in which is already located the home office of one or more other banks.

Without conceding that the rationale of 1960 O.A.G. No. 47 does not furnish good cause for denying Central's petition, Industrial Trust and Savings Bank suggested that, if that not be so, any bank seeking to move its principal office into another bank's home office city or town should at least be required to meet all the requirements of Ind. Ann. Stat. §§ 28-1-2-22—27 (Burns Code Ed., 1973). Central rejected the suggestion and made no effort to show that it did meet those requirements. Once again, therefore, we have no reason to speculate whether such a showing might have entitled Central to approval.

Central has appealed from a negative judgment without making a showing that it was entitled to affirmative relief. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669; *Danes* v. *Automobile Underwriters, Inc.* (1974), 159 Ind. App. 505, 307 N.E.2d 902. It has thus failed to carry its burden of overcoming the presumption that the correct result was reached in the court below. *A.S.C. Corp.* v. *First National Bank* (1960), 241 Ind. 19, 23, 167 N.E.2d 460; *Ross* v. *Review Board* (1962), 243 Ind. 61, 65, 182 N.E.2d 585. The judgment is

Affirmed.

Buchanan, P.J. and Sullivan, J., concur.

NOTE.—Reported at 354 N.E.2d 309.