**BREMEN PUBLIC SCHOOLS, Defendant-Appellant,**

v.

**Mark VARAB and Robert Balsley, Plaintiffs-Appellees.**

No. 3–1185A308.

Court of Appeals of Indiana, Third District.

Aug. 12, 1986.

Mark E. Wagner, Kizer, Neu, Joyce, Wyland, Humphrey, Wagner & Gifford, Bremen, for defendant-appellant.

David J. Emmert, Indianapolis, for amicus curaie Indiana School Boards Ass'n.

E. Nelson Chipman, Jr. Chipman & Chipman, Plymouth, for plaintiffs-appellees.

GARRARD, Judge.

On February 19, 1985, Varab and Balsley were accused by the Bremen Public School Corporation (appellant) of smoking or possessing marijuana while in school. An administrative hearing was held pursuant to Indiana's Due Process and Pupil Discipline Act, IC 20–8.1–5, and the students were expelled for the remainder of the regular 1984–85 academic school year. The students then sought and were granted a temporary restraining order on March 20, 1985, which permitted them to remain in school pending a hearing on their motion for a preliminary injunction. Meanwhile, the students pursued all of their administrative remedies and initiated an appeal of their expulsion to the Marshall Superior Court.

On May 6, 1985 the Marshall Superior Court found that a preliminary injunction was necessary to prevent irreparable harm. This injunction restrained and enjoined appellant, pending the hearing and determination of the action, from enforcing or executing the order of immediate expulsion and ordered that the students be temporarily reinstated. Subsequently, the students' appeal was submitted to the Marshall Superior Court by agreement that the parties file briefs and permit the court to enter an order without further evidence being heard. After finding that the students should have graduated and received their diplomas in June of 1985, the court declared that the action was moot and it was dismissed on August 6, 1985. Bremen Public School Corporation, defendant below, now appeals the decision of the trial court.

The question presented is whether it was error to dismiss the cause as moot.

Appellant initially alleges that the Indiana Due Process and Student Discipline Act only grants the trial court the power to decide whether the student discipline was arbitrary, capricious, without substantial evidence or unlawful, and not to decide that the case is moot. However, it is the universal practice of courts in Indiana as elsewhere to dismiss an appeal where it becomes unnecessary to decide the question presented. *Dunn v. State* (1904), 163 Ind. 317, 321, 71 N.E. 890, 891. The existence of an actual controversy is an essential requisite to appellate jurisdiction. *Smith v. American Nat. Bank of Indianapolis* (1948), 118 Ind.App. 413, 420, 78 N.E.2d 874, 877. Therefore, the trial court had the power to decide whether an actual controversy existed before reaching the merits of the students' appeal.

In the alternative, appellant claims that the determination that the cause was

moot was error. An issue becomes moot when the parties lack a legally cognizable interest in the outcome of its resolution. *Haggerty v. Bloomington Bd. of Public Safety* (1985), Ind.App., 474 N.E.2d 114, 115; *Bartholomew County Hospital v. Ryan* (1982), Ind.App., 440 N.E.2d 754, 757. When the principle questions in issue have ceased to be matters of real controversy between the parties, when the court is unable to render effective relief upon an issue, and where absolutely no change in the status quo will result, the issues are deemed moot and the court will not retain jurisdiction to determine them. *Haggerty* at 116; *Bartholomew* at 757.

█ In this case the students were appealing their expulsion from the Bremen Public Schools for the remainder of the 1984–85 school year. Clearly that portion of their claim seeking injunctive relief became moot after the completion of the term. In addition, we might sustain dismissal of the appeal from the appellant's determination upon the ground that the result would be to reinstate the ordered expulsion, and that any potential harm therefrom would be a matter affecting the students (who have raised no objection) rather than the school corporation. (Indeed, if that is the wish of the students they may, upon remand, move to dismiss their appeal).

However, the fact that we might find a waiver does not mean the trial court was correct in its *sua sponte* determination that the controversy was moot.

The students in question were both seniors. It does not appear from the record whether credits for the courses they were taking in the spring semester of the 1984–85 school year were necessary for their graduation. Presumably they were or this litigation would not have been pursued.

The injunction permitted them to continue attending class to preserve the status quo and avoid substantial injury should it be determined that the expulsions were improper.

What is the effect, however, if the expulsion is ultimately determined to have been proper? As persons permitted to attend class under court order but having the status of an expelled student, would the students be entitled to credit for the classes thus attended? Would they be entitled to graduate? Did they, in fact, graduate? The record is silent upon all these matters. (By brief it is asserted that they were permitted to go through the ceremony but that they were not awarded diplomas.)

The state of their academic records, the school requirements for graduation and the facts pertaining to their graduation were not before the court when it determined mootness. No legal argument has been presented or considered as whether students attending class in an expelled status are entitled to credits for those classes and/or diplomas dependent upon the successful completion of those classes.

█ If the students' rights to credits and/or diplomas remain dependent upon whether they were properly expelled, then the appeal from their expulsion is not moot. Clearly, upon the present state of the record, the appeal is not shown to be moot.

The dismissal of plaintiffs' claim for injunction as moot is affirmed. This dismissal of plaintiffs' appeal from the order of expulsion is reversed and this cause is remanded to the trial court for such further proceedings as may be necessary.

STATON, P.J., and HOFFMAN, J., concur.