**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Donald J. WILKINSON and Mary J. Wilkinson (Plaintiffs Below) and Robert L. Blake and Kenworth of Indianapolis, Inc., (Defendants Below), Appellees.**

No. 06A01-8905-CV-173.

Court of Appeals of Indiana,
First District.

Jan. 17, 1990.

Richard K. Milam, Goodin and Kraege, Indianapolis, for appellant.

Steven R. Fox, George Clyde Gray, Gray, Robinson, Eckert & Ryan, Indianapolis, for appellees.

BAKER, Judge.

## STATEMENT OF THE CASE

Appellant–Intervenor, State Farm Mutual Automobile Insurance Company (State Farm), appeals the trial court's denial of its motion to dismiss a cause of action instituted by plaintiff-appellees, Donald J. Wilkinson and Mary J. Wilkinson (the Wilkinsons), against defendant-appellees, Robert L. Blake (Blake) and Kenworth of Indianapolis, Inc. (Kenworth). We reverse and remand.

## STATEMENT OF THE FACTS

The Wilkinsons instituted an action to recover damages for injuries sustained by Mr. Wilkinson in an automobile accident. Mr. Wilkinson was a passenger in a vehicle driven by Blake while Blake was in the course of his employment with Kenworth. Blake's vehicle collided with the vehicle driven by Donna Combs–Light (Combs). At the time of the accident, the Wilkinsons had an insurance policy with State Farm which provided underinsured motorist coverage in the sum of $100,000.

Combs's insurance company settled with the Wilkinsons for the $50,000 limit under Combs's insurance policy. Combs was subsequently dismissed from the lawsuit. The Wilkinsons agreed with Blake and Kenworth to pursue a bench trial to assess comparative fault and damages. It was subsequently agreed that after the court assessed comparative fault and damages, the Wilkinsons would accept a $30,000 settlement from Blake and Kenworth.

On the day of the bench trial, State Farm filed its appearance, motion for leave to intervene as a defendant, and motion to continue the trial. The motion to intervene alleged that State Farm could not otherwise adequately represent its interest without participating in the litigation. The trial court granted State Farm's motion to intervene as a party-defendant and continued the trial.

On the day of trial, State Farm moved to dismiss the action claiming that the issues before the trial court were moot because Blake, Kenworth, and the Wilkinsons had

already reached a settlement agreement. The trial court denied State Farm's motion, proceeded with trial, and entered a verdict finding Blake 20% at fault, Combs 80% at fault, and Mr. Wilkinson 0% at fault. The trial court further found that Blake was in the scope of his employment with Kenworth at the time of the accident, and that disregarding any comparative fault, the Wilkinsons suffered damages in the amount of $260,223. State Farm appeals.

## ISSUES

This appeal presents one issue for our review:

Whether the settlement agreement between the Wilkinsons and Blake and Kenworth is valid.[1]

## DISCUSSION AND DECISION

■ State Farm contends the trial court erred in denying its motion to dismiss prior to trial because the litigants had previously resolved the controversy through their settlement agreement. Accordingly, State Farm argues, the issues before the trial court were moot thereby removing the court's jurisdiction to determine them.[2] The Wilkinsons respond that they did not reach a settlement prior to trial because their receipt of the $30,000 sum certain was conditioned upon the trial court's first determining damages and allocating fault. Absent a trial court decision, the Wilkinsons explain, they would not have received the settlement amount.

■ An issue becomes moot when the parties lack a legally cognizable interest in the outcome of its resolution. *Bremen Public Schools v. Varab* (1986), Ind.App., 496 N.E.2d 125; *Bartholomew County*

*Hosp. v. Ryan* (1982), Ind.App., 440 N.E.2d 754. As this court has stated:

When the [principal] questions in issue have ceased to be matters of real controversy between the parties, when the court is unable to render effective relief upon an issue, and where absolutely no change in the status quo will result, the issues are deemed moot and the court will not retain jurisdiction to determine them.

*Bremen Public Schools, supra* at 127.

■ We agree with State Farm that the issues presented to the trial court were moot. Our conclusion is supported by *Indiana Bureau of Motor Vehicles v. Zimmerman* (1985), Ind., 476 N.E.2d 114, wherein the Indiana Supreme Court ruled that the issues before the trial court were moot. In that case, the Bureau of Motor Vehicles issued an order compelling Zimmerman to attend the Bureau's defensive driving course. Zimmerman responded by filing a complaint seeking declaratory and injunctive relief and for judicial review of the Bureau's presumably final action. Upon conducting a further review of Zimmerman's driving record, the Bureau withdrew its order prior to trial. Our supreme court found that the Bureau's action in withdrawing the order rendered the issues before the trial court moot.

The actions of the parties in the case before us compels a result similar to that reached in *Zimmerman, supra*. By entering into a settlement agreement the parties effectively withdrew their dispute from further resolution by the trial court. The Wilkinson's attorney explained to the trial court that no matter what damage figure or fault allocation the court returned, Blake and Kenworth would pay the Wilkin-

1. State Farm presents the issue in terms of whether the trial court erred in denying its motion to dismiss. Proper disposition of this case, however, requires us to determine the validity of the settlement agreement. Even if the settlement agreement is invalid, dismissing the Wilkinsons' cause of action is not the preferred remedy.

2. We note State Farm does not attack the trial court's inclusion of Combs in the allocation of fault. State Farm filed both its appellant's brief and its reply brief prior to our supreme court's

decision in *Bowles v. Tatom* (1989), Ind., 546 N.E.2d 1188. In *Bowles,* our supreme court held that absent a timely objection by the remaining defendants, parties who are dismissed from a case do not remain as non-party defendants for the purpose of final determination of fault. Accordingly, because Combs was dismissed without any objection by Blake or Kenworth, she was not a non-party defendant and should not have been included in the final allocation of fault.

sons no more and no less than $30,000. Such an arrangement eliminated any legally cognizable interest the parties had in the outcome of the trial court's judgment. The issues before the court were, therefore, moot.

Although the absence of a decision by the trial court would have negated the agreement and prompted a trial, the trial court cannot, as a matter of public policy, be utilized as a condition precedent to a settlement agreement. The law favors settlement of disputes by agreement of the parties. *Danes v. Automobile Underwriters, Inc.* (1974), 159 Ind.App. 505, 307 N.E.2d 902. Trial courts become involved in a dispute when the parties are unable to amicably resolve the matter themselves. The trial court should not become involved, however, to decide an issue when there is no cause or controversy before it. *Zimmerman, supra.* To do so would result in a judgment which is advisory and not dispositive of anything. *Id.* Accordingly, the trial court erred in deciding the fault and damage issues before it.

The settlement agreement between the Wilkinsons and Blake and Kenworth was void as against public policy because it utilized the trial court for an improper purpose. Any decision rendered by the trial court had no effect on the position of the parties to the dispute.[3] Because the parties' agreement was contrary to public policy, it cannot stand. *Greenhaven Corp. v. Hutchcraft and Associates, Inc.* (1984), Ind.App., 463 N.E.2d 283.

While the normal remedy for cases involving moot issues is to dismiss the cause of action, *Zimmerman, supra,* such a result is not warranted in this case. The issues were rendered moot due to the settlement agreement. Because the settlement agreement was void, however, it was not a valid resolution of the dispute. Thus, the trial court retains jurisdiction to dis-

pose of the dispute unless the parties hereinafter reach a *valid* settlement agreement. Accordingly, the settlement agreement is void, the trial court's judgment is vacated, and this cause is remanded to the trial court for further proceedings with the parties restored to the positions they maintained immediately prior to the instant trial.

ROBERTSON and BUCHANAN, JJ., concur.

**3.** It is apparent from the record that the Wilkinsons intended to use the trial court's fault and damages determinations in a subsequent claim against State Farm for underinsurance coverage with respect to Combs. Under normal circumstances, State Farm would have been bound by the trial court's judgment because once it inter-

vened and participated in the litigation, it is treated as an original party to the action. *Panos v. Perchez* (1989), Ind.App., 546 N.E.2d 1253. The trial court's decision in this case, however, was improperly entered and is, therefore, not binding on State Farm.