Norma L. OCHOA and Norma L. Ochoa as n/b/f and natural mother of Tomas L. Barrera, a minor, Appellants–Plaintiffs,

v.

Ruth E. FORD, Appellee–Defendant.

No. 02A03–9312–CV–397.

Court of Appeals of Indiana.

Oct. 24, 1994.

Charles W. McNagny, Hoffman, Thompson, Skekloff, Rogers & McNagny, and Maxwell P. Smith, Fort Wayne, for appellant.

Scott L. Bunnell and Mark W. Baeverstad, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee.

## OPINION

HOFFMAN, Judge.

Appellants–plaintiffs Norma L. Ochoa and Tomas L. Barrera appeal from a judgment determining the validity of a settlement agreement and requiring them to comply with the terms therein. The facts relevant to review are summarized below.

In January 1990, a complaint was filed by appellants seeking damages for personal injuries they sustained in an automobile collision. The complaint averred that the damages were caused by the negligence of Ford. Counsel and representatives of appellants discussed settlement of Ochoa's claim with counsel and insurance representatives for Ford. Consistently, the demand for settlement on behalf of Ochoa was set at $15,000.00. Also consistently, the parties did not engage in settlement negotiations on behalf of Barrera because he remained under doctor's care and the extent of his permanent injuries had not been assessed.

On January 4, 1993, counsel for appellants wrote a letter to Ford's counsel for the stated purpose of preserving the right to seek pre-judgment interest. The letter proffered settlement of "this case for $15,000." The letter contained the caption "Ochoa et al. vs. Ford, Allen Superior Court, Cause No. 02D01–9201–CT–3."

On January 8, 1993, counsel for Ford responded stating:

"The offer set forth in your January 4, 1993 letter to settle this case for $15,000 is accepted. As you know, there are two plaintiffs, one of whom is a minor. You will need to let us know how you want the $15,000 apportioned between the two plaintiffs. You will also need to provide us with information regarding what portion of the minor's settlement needs to be distributed [to] health care providers in payment of medical bills, what portion you will be requesting as attorney fees and what amount will be distributed to the minor so that those terms can be set forth in the minor's settlement agreement...."

However, Ford's counsel captioned his letter only "Ochoa v. Ford."

In a letter dated January 13, 1993, counsel for appellants wrote in pertinent part:

"In my letter to you of January 4, 1993, there was a scrivener's error concerning the heading which should have read Ochoa vs. Ford. If you take it that way, then you can understand that our offer to settle the case concerned only the mother and not the child whose name is Tomas Barrera.

Perhaps you will recall that to date all settlement negotiations have involved only the mother and we have repeatedly stated that we are not in a position to settle the child's claim at this time. The child is still treating with Dr. Shah for headaches and no prognosis has been received by us from Dr. Shah. We were advised by you and your insurance company client that no negotiations could be pursued until we were ready to proceed with settlement of the minor's claim as well as the mother.

We offered to settle the mother's claim for $15,000.00. Your reply has been $7,500.00. In the mediation status hearing with the Court, the above positions were stated.

You advised us that you would see whether American States would authorize the taking of Dr. Shah's deposition in order to expedite the evaluation of the child's claim. We have never presented any damage documentation or demand on the child's claim. On the contrary, we have continually advised that we simply are not in a position to settle the child's claim at this time.

As you know, in order to recover prejudgment interest, a letter must be mailed to the other side within a year of the date of filing of the Complaint. That was the main purpose in sending to you our letter of January 4, 1993 on Norma Ochoa's case. I apologize for failing to observe the error in the heading of our letter of January 4, 1993...."

Counsel for Ford responded in a letter dated January 8, 1993, which is prior to the date the explanatory letter was sent by counsel for appellants. In relevant part, the letter states:

"Your January 4, 1993 letter does not appear to have any scrivener's error. It says that you are willing to settle 'the case' for $15,000. We have acted on that offer and consider the matter settled. Please proceed to advise us of how you would like the proceeds distributed between the two claimants."

In May 1993, Ford's counsel filed a "Motion to Enforce Settlement Agreement." Counsel for appellants responded to the motion in June 1993. Counsel reiterated that the body of the January 4, 1993 letter contained no mention of settling the claim for the minor. Further, counsel argued that statutory provisions require the compromise of a minor's claim to be authorized by a court. Attached to the response was an affidavit of an employee who engaged in settlement negotiations with a representative of Ford's insurer, and later with counsel for Ford after he filed his appearance. It was averred that at no time had any negotiations been made concerning the minor's claim inasmuch as he was still under the care of a neurologist. Further, insurance representatives and counsel for Ford refused to agree to any settlement of Ochoa's claim until both claims could be negotiated.

In an order dated June 15, 1993, the trial court found *inter alia* that the offer to settle "this case" coupled with the caption "Ochoa, *et al.*" without specifically excluding the minor constituted an offer to settle both claims which was not revoked prior to acceptance. It is from this order that Ochoa and Barrera appeal.

As restated, the issues presented for review are:

(1) whether the trial court erred in determining that a valid settlement agreement was entered into by the parties; and

(2) whether the trial court's order violates IND.CODE § 29–3–9–7 (1988 Ed.).

It is fundamental that a contract is formed by the exchange of an offer and acceptance between contracting parties. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 435. The failure to demonstrate agreement on essential terms of a purported contract negates mutual assent and hence there is no contract. *Olsson v. Moore* (1992), Ind.App., 590 N.E.2d 160, 162. The parties to a contract have the right to define their mutual rights and obligations, and a court may not make a new contract for the parties or supply missing terms under the guise of construing a contract. *Johnson v. Sprague* (1993), Ind.App., 614 N.E.2d 585, 588.

Also, a meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract. *Bain v. Bd. of Tr. of Starke Memorial* (1990), Ind.App., 550 N.E.2d 106, 110. The intention of the parties to a contract is a factual matter to be determined from all the circumstances. *Sho–Pro of Indiana, Inc. v. Brown* (1992), Ind.App., 585 N.E.2d 1357, 1360. The party urging the validity of a contract bears the onus of proving its existence. *Id.*

Counsel for Ford tacitly acknowledged the lack of necessary terms for an agreement in his letter accepting the settlement offer. He noted that there were two plaintiffs and that in order to settle the minor's claim certain specific terms must be determined. Additionally, the trial court acknowledged the necessity of a court's authorization prior to compromising a minor's claim.

> Cf. IND.CODE § 29–3–9–7 (1988 Ed.) (compromise of disputed claim on behalf of minor must be approved by court directing payment of settlement according to statutory terms or terms directed by court);

> Danes v. Auto. Underwriters, Inc. (1974), 159 Ind.App. 505, 307 N.E.2d 902 (compromise and release of claim for minor unenforceable until settlement approved by court of competent jurisdiction).

Further, the course of dealing demonstrated that the minor's claim had not been assessed and no demand had been made. Here, essential terms were missing; the circumstances demonstrated that the parties did not achieve a meeting of the minds and that to find an enforceable contract essential terms had to be supplied by the court. Though making similar errors himself, counsel for Ford attempted to capitalize on a mistake by appellants' counsel. No contract existed.

The judgment of the trial court is reversed.

Reversed.

STATON and FRIEDLANDER, JJ., concur.