**SETTLEMENT CAPITAL CORPORATION,**
Plaintiff,

v.

**BHG STRUCTURED SETTLEMENTS, INC. and Berkshire Hathaway Life Insurance Company of Nebraska, Defendants.**

**No. Civ.A. 303CV1885P.**

United States District Court,
N.D. Texas, Dallas Division.

April 7, 2004.

Robert. Benton Weathersby, Suzanne B. Campbell, Timothy E. Taylor, Andrews & Kurth, Dallas, TX, for Plaintiff.

Christopher M. LaVigne, John H. Marks, Jr., Locke Liddell & Sapp, Dallas, TX, for Defendants.

## ORDER

SOLIS, District Judge.

Now before the Court is Defendants' Joint Motion to Dismiss "Plaintiff's Original Petition and Application for Permanent Injunction" for Failure to State a Claim and Brief in Support, filed August 21, 2003.[1] After a thorough review of the evidence, the pleadings, the parties' briefs, and the applicable law, the Court DENIES Defendants' Joint Motion to Dismiss.

## BACKGROUND

Structured settlements involve agreements to make future payments in exchange for a release of liability, whereby a tort defendant or its liability carrier purchases an annuity from a life insurance company, with the tort plaintiff as the beneficiary. (Pet. at 1.); *see also Legal Asset Funding LLC v. Travelers Cas. & Sur. Co.,* 155 F.Supp.2d 90, 97–98 (D.N.J. 2001). Structured settlements can provide long-term financial stability for an injured person and help keep the injured person and his or her family off public assistance. Tex. H.R. Comm. on Civil Practices, Interim Report to the 77th Legis., Dec. 11, 2000 at 7.

Factoring is a practice whereby companies obtain ownership of structured settlements by purchasing the remaining payments through discounted lump sum payments which can be quite steep. *Id.* As such, this practice is not always in the best interest of the injured person. Jurisprudence, Senate Research Center, Tex. S.B. 277, 77th Legis. (2001). "Factoring companies undermine Congress' public policy objective of an incentive for the injured persons to receive timed periodic payments as awards for personal injury claims." Tex. H.R. Comm. on Civil Practices, Interim Report to the 77th Legis., Dec. 11, 2000 at 7.

In response to the concerns regarding factoring, Texas enacted legislation entitled the Structured Settlement Protection Act to regulate the transfer of all or a portion of rights in and to structured settlement payments. *See* Tex. Civ. Prac. & Rem.Code § 141.001, *et seq.* A transferee seeking a transfer of structured settlement payment rights must submit an application for approval in a court. *Id.* at § 141.006(a). The court may approve the transfer after finding, among other things, that it is in the best interest of the payee and that the payee has been advised in writing to seek independent professional advice. *Id.* at § 141.004. Prior to the court approving the transfer, the transferee must serve all interested parties with notice and details concerning the proposed transfer. *Id.* at § 141.006(b). Interested parties include the annuity issuer and any other party that has continuing rights or obligations under the structured settlement. *Id.* at § 141.002(7). Any interested party is entitled to support, oppose, or otherwise respond to the transferee's application, either in person or by counsel, by

---

1. Settlement Capital Corporation filed its Response to Defendants' Joint Motion to Dismiss on September 30, 2003, Defendants filed their Reply on October 9, 2003, and Settlement Capital Corporation filed its Sur–Reply on October 28, 2003.

submitting written comments to the court or by participating in the hearing. *Id.* at § 141.006(b)(5).

This lawsuit arises out of what Plaintiff, a factoring company, claims is an improper intervention by Defendants in the judicial process. (Pet. at 3.) Specifically, Plaintiff points to an instance where Defendants interfered with an Agreement between Plaintiff and Lydell S. Jordan. *Id.* at 6. The Agreement provided that Plaintiff would receive certain of Jordan's payments due to be paid under a settlement agreement and an annuity. *Id.* On April 20, 2003, Plaintiff filed an Application for Approval of Transfer of Structured Settlement Payment Rights ("Application") and a notice with the 193rd Judicial District Court of Dallas County, Texas, and provided both to Defendants as they were interested parties.[2] *Id.* at 7. On May 1, 2003, Defendants' President sent a response to Plaintiff's Application to both the court and Jordan explaining that Plaintiff's proposed transfer was inappropriate and not in Jordan's best interests. *Id.* at Ex. 3. After receiving Defendants' letter, Jordan notified Plaintiff of her decision to terminate her Agreement with Plaintiff and enter into a transaction with Defendants instead. *Id.* at 7.

As a result, Plaintiff filed suit against Defendants on July 21, 2003 seeking declaratory judgment, an injunction, and damages for tortious interference and unfair competition. *Id.* at 8–10. On August 21, 2003, Defendants filed a Joint Notice of Removal removing this case from the 14th Judicial District Court of Dallas County, Texas. Defendants request that the Court dismiss this lawsuit for failure to state a claim.

## DISCUSSION

### I. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when Defendants show that Plaintiff has failed to state a claim for which relief can be granted. A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Under the rule of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a claim should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. The Court must render its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996).

A court may dismiss a case under rule 12(b)(6) when even the most sympathetic reading of the pleadings reveals that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Baton Rouge Bldg. & Constr. Trades Council AFL–CIO v. Jacob Constructors, Inc.,* 804 F.2d 879, 881 (5th Cir.1986). In ruling on a motion to dismiss, the court should not consider whether a plaintiff will ultimately prevail on the

---

**2.** Apparently, Defendants own the annuity used to fund Jordan's payments. (Pet. at Ex.

3.)

merits. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 199 (5th Cir.1994).

## II. Tortious Interference.

 Defendants contend that Plaintiff's claim of tortious interference fails as a matter of law. (Defs.' Reply at 2.) Under Texas law, the elements of tortious interference with an existing contract are as follows: (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). While Defendants briefed the issues regarding the lack of existence of a contract and the non-enforceability of the Agreement, the Court finds these arguments are without merit. (Defs.' Mot. to Dismiss at 10–11.) As Plaintiff pointed out, the fact that the contract at issue was not effective until approved by the court does not mean the contract is not subject to improper interference. *See SCEcorp v. Superior Court,* 3 Cal.App.4th 673, 681, 4 Cal.Rptr.2d 372 (4th Dist.1992); *Jewel Cos., Inc. v. Pay Less Drug Stores Northwest, Inc.,* 741 F.2d 1555, 1569 (9th Cir.1984); *Mid–Continent Tel. Corp. v. Home Tel. Co.,* 319 F.Supp. 1176, 1190 (N.D.Miss. 1970); *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 790 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Danes v. Auto. Underwriters, Inc.,* 159 Ind.App. 505, 307 N.E.2d 902, 906 (1974). Accordingly, the Court turns its inquiry to Defendants' affirmative defense of legal justification.

 Defendants allege that they are legally justified to engage in the acts complained of in Plaintiff's Petition. *Id.* at 11. "Justification is an affirmative defense to tortious interference with contract." *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.,* 29 S.W.3d 74, 80 (Tex. 2000). The justification defense can be based on the exercise of either one's own legal rights or a good-faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken. *Id.* If the defendant proves as a matter of law that it had a legal right to interfere with a contract, then the defendant has conclusively established the justification defense, and the motive is irrelevant. *Id.* "Alternatively, if the defendant cannot prove justification as a matter of law, it can still establish the defense if the trial court determines that the defendant interfered while exercising a colorable right, and the jury finds that, although mistaken, the defendant exercised that colorable right in good faith." *Id.*

 In this case, the parties disagree as to whether the Texas Transfer Act permits Defendants to submit a competing offer to the payee seeking court approval for a transfer of benefits under a structured settlement agreement. Defendants point to section 141.006 of the Texas Transfer Act which permits interested parties to "support, oppose, or otherwise respond" to the proposed factoring transaction. The Court, however, disagrees that the cited statutory language permits the kind of response submitted by Defendants. The object of the opposition or response in a transfer proceeding is whether the proposed factoring transaction should be approved by the court. Approval of the transaction turns on the court's finding that the transfer is in the "best interest of the payee, taking into account the welfare and support of the payee's dependents ..." Tex. Civ. Prac. & Rem.Code § 141.004(1).

Defendants maintain that not allowing the type of response they made would deprive the court in the transfer proceeding of important information necessary to the court's determination of whether the

transfer is in the best interest of the payee. The Court does not agree that prohibiting parties from submitting competing offers would in any way deprive the court of useful information or thwart the purposes of the statute. Information about whether the proposed factoring arrangement is unfair to the payee can be submitted to the court without also submitting a counter proposal that potentially interferes with an existing contract between two parties. The statute expressly provides that the payee is to be advised by the transferee to seek independent professional advice regarding the transfer or to knowingly waive such advice in writing. If the court believes the proposed transaction constitutes overreaching because of its terms, there is nothing in the statute to prohibit the court from suggesting that the payee obtain independent advice.

The apparent intent of the "best interest of the payee" provision is to ensure that the payee does not give up a right to a future stream of income in exchange for present income, at a cost to the payee, unless there is good reason for transaction. This maintains the purpose and reason for the structured settlement while at the same time allowing for changed circumstances that may warrant exchanging future income for current income. There is nothing, however, in the statutory language which suggests it is the court's function to make sure the payee receives the best interest rate available, although the proposed factor rate may be a factor the court wishes to consider in deciding the best interest issue. However, this type of information can be submitted to the court without submitting a competing offer. In sum, the court finds that neither the language of the statute nor the legislative history of the Transfer Act suggest that the proceeding should be transformed into one where the court weighs the competing offers and decides which is the better offer for the payee. Accordingly, Defendants'

Motion to Dismiss on the grounds of legal justification based on the language of the Texas Transfer Act is DENIED.

Defendants also move to dismiss on grounds that the contract between Plaintiff and the payee was terminable at will. Defendants cite Texas law which holds that ordinarily it is not actionable interference to induce a party to do what it has the right to do under the contract. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997). However, the Court agrees with Plaintiff that such a defense requires more factual development and is not ripe for consideration at the motion to dismiss stage. Therefore, Defendants' Motion to Dismiss on this basis is also DENIED.

## III. Unfair Competition.

"Unfair competition under Texas law is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Taylor Publ'g Co. v. Jostens Inc.*, 216 F.3d 465, 486 (5th Cir.2000). To establish this tort, Plaintiff must show that Defendants engaged in an illegal act which interfered with Plaintiff's ability to conduct its business. *Id.* "Although the illegal act need not necessarily violate criminal law, it must at least be an independent tort." *Id.*

Plaintiff contends that Defendants' interfering with its ability to conduct business satisfies the tort of unfair competition. (Pl.'s Resp. at 21.) To the extent Plaintiff may have alleged an independent tort, the Court will not foreclose Plaintiff the opportunity at this stage in the proceedings to plead a claim of unfair competition.

## IV. Conclusion.

In conclusion, the Court the Court DE-NIES Defendants' Joint Motion to Dismiss.

**IT IS SO ORDERED.**